BALLON STOLL BADER & NADLER, P.C.
729 Seventh Avenue
New York, NY 10019
Telephone: (212) 575-7900
Facsimile: (212) 764-5060
Vincent J. Roldan
vroldan@ballonstoll.com

*Proposed Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 11 |
|     MEZZ57TH LLC<br>    d/b/a John Barrett | Case No.: 20-11316 |
|                    Debtor | |

---------------------------------------------------------X

**MOTION FOR AN ORDER (I) AUTHORIZING MEZZ57TH LLC'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. SEC. 363(C)(2) AND BANKRUPTCY RULE 4001 ON AN INTERIM BASIS AND PROVIDING ADEQUATE PROTECTION THEREFORE PURSUANT TO 11 U.S.C. SEC. 361 AND 362 AND (II) SCHEDULING A FINAL EARING**

Mezz57th LLC, debtor and debtor in possession ("Operating Debtor"), by its proposed attorneys Ballon Stoll Bader & Nadler, P.C., files this motion (the "Motion") for entry of an Order (I) Granting On An Interim Basis Operating Debtor's Use Of Cash Collateral Pursuant To 11 U.S.C. Sec. 363 And Providing Adequate Protection Therefor Pursuant To 11 U.S.C. Sec. 361 and 362 an (II) Scheduling A Final Hearing, and respectfully states as follows:

**Summary of Relief In Accordance With Rule 4001(b)(1)(B)**

| Names of entities with interest in cash collateral: | Larry Flick<br>Saw Investment Fund LLC<br>Jeffery Sellers |
|---|---|
| Purposes of use of cash collateral: | Business operations |

| Material terms of use of cash collateral: | Standard cash collateral order provisions |
| --- | --- |
| Adequate protection: | Replacement liens |

## Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory bases for the relief requested herein are §§ 105(a), 361, 362 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3. On May 29, 2020 (the "Petition Date"), the Operating Debtor, along with John Barrett Inc., filed a voluntary petition for relief pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtor is operating its business as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. On June 1, 2020, pursuant to 11 U.S.C. § 1183(a), the United States Trustee appointed Charles Persing as Subchapter V trustee for the Operating Debtor.

5. The Operating Debtor's business and facts precipitating the filing of the Debtor's Chapter 11 proceeding is set forth in the Affidavit of John Barrett Pursuant To Local Bankruptcy Rule 1007-2 (the "Barrett Affidavit") filed on June 3, 2020. Those facts are incorporated herein by reference.

6. The secured lenders with liens on the Operating Debtor's cash collateral are Larry Flick, Saw Investment Fund LLC, and Jeffrey Sellers (collectively, the "Lenders").

## Relief Requested

7. Operating Debtor submits this Motion pursuant to Bankruptcy Code §363(c)(2)(B), 361, and 362 and Bankruptcy Rule 4001(b) respect to its request for authority to use property which may constitute cash collateral ("Cash Collateral") in which the Lenders are likely to assert a security interest, substantially in accordance with the terms and conditions set forth in the proposed Interim Order (the "Order") annexed hereto as Exhibit A. The Debtor is currently able to operate using Paycheck Protection Program funds. Out of an abundance of caution in the event it is deemed that these funds are subject to the Lenders' liens, the Operating Debtor files this Motion. The Operating Debtor believes that the Lenders are the only parties that may have a security interest in Operating Debtor's cash collateral.

8. The proposed Order grants Operating Debtor the authority to use the Cash Collateral pursuant to Bankruptcy Code §§363 (c)(1) and (2) and Bankruptcy Rule 4001(c) to the extent necessary to continue the operation of its business and to preserve the value of its estate during the course of the Chapter 11 case.

9. Section 363(a) of the Bankruptcy Code states as follows:

> In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of properties subject to a security interest as provided in Section 552(b) of this title, whether existing before or after the commencement of a case under this title.

10. Section 363(d) of the Bankruptcy Code provides as follows:

> (d) The trustee may use, sell, or lease property under subsection (b) or (c) of this section only to the extent not inconsistent with any relief granted under section 362(c), 362(e), or 362(f) of this title.

11. Pursuant to § 363(c)(2) of the Bankruptcy Code, the consent of secured creditors or authority from this Court is required to use cash collateral.

**Adequate Protection**

12. The purpose of adequate protection is to ensure that the secured creditor receives the value for which it bargained pre-bankruptcy. In re Swedeland Development Group, Inc., 16 F.3d 552 (3rd Cir. 1994); In re Dunes Casino Hotel, 69 B.R. 784, 793 (Bankr, D.N.J. 1986), citing In re Coors of the Cumberland, 19 B.R. 313 (Bankr. M.D. Tenn. 1982); see also, In re 495 Central Park Ave. Corp., 136 B.R. 626 (Bankr. S.D.N.Y. 1992). Adequate protection is designed to safeguard the secured creditor from diminution in the value of its interest during the Chapter 11 reorganization. In re Nice, 355 B.R. 554, 563 (Bankr. N.D. Va. 2006) ("adequate protection is solely a function of preserving the value of the creditor's secured claim as of the petition date due to a debtor's continued use of the collateral").

13. Because the term "adequate protection" is not defined in the Bankruptcy Code, the precise contours of the concept are necessarily determined on a case-by-case basis. MBank Dallas, N.A. v. O'Connor (In re O'Connor), 808 F.2d 1393 (10th Cir. 1987); In re Snowshoe Co., 789 F.2d 1085, 1088 (4th Cir. 1986); In re Mosello, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996); In re Beker Industries Corp., 58 B.R. 725 (Bankr. S.D.N.Y. 1986); see also In re JKJ Chevrolet, Inc., 190 B.R. 542, 545 (Bankr. E.D.Va. 1995) (adequate protection is a flexible concept that is determined by considering the facts of each case).

14. The proposed order provides that, as adequate protection for Operating Debtor's use of cash collateral and in consideration therefor, Operating Debtor shall grant replacement liens in all of its pre-petition and post-petition assets and proceeds, to the extent that the Lenders

have valid security interests in said pre-petition assets on the Petition Date and in the continuing order of priority that existed as of the Petition Date (the "Replacement Liens").

15. The Replacement Liens shall be subject and subordinate only to: (i) the claims of Chapter 11 professionals duly retained in the Chapter 11 cases and to the extent awarded pursuant to Sections 330 or 331 of the Code; (ii) United States Trustee fees pursuant to 28 U.S.C. Section 1930 and 31 U.S.C. Section 3717 and any Clerk's filing fees; (iii) fees and expenses incurred in connection with any investigation of the nature, extent and validity of Lenders' liens and security interests in an amount not to exceed $10,000; (iv) the fees and commissions of a hypothetical Chapter 7 trustee in an amount not to exceed $10,000 and (v) the recovery of funds or proceeds from the successful prosecution of avoidance actions pursuant to sections 502(d), 544, 545, 547, 548, 549, 550 or 553 ("Avoidance Actions") of the Bankruptcy Code (collectively, the "Carve-Outs").

16. The Operating Debtor submits that, in order to preserve its Debtor's estate and ensure its viability during the Chapter 11 case, the Lenders should be granted Replacement Liens with the same nature, extent and validity of their pre-petition liens, subject to investigation by any creditors in the Operating Debtor's Chapter 11 case, and subject to their relative priority as of the Petition Date.

17. The Operating Debtor are proposing no monthly adequate protection payments (upon information and belief with the consent of the Lenders), for the time being.

18. Finally, Operating Debtor respectively submits that the Lenders are adequately protected because use of Cash Collateral will enhance the Debtors' chances of a successful reorganization, which will preserve the Lenders' collateral. Indeed, denial of the use of Cash Collateral, even for a short period of time, will cause immediate and irreparable harm to the

reputation, goodwill, and confidence in Operating Debtor, which will lead to the drastic loss of value as a going concern.

### The Budget

19. Operating Debtor proposes to use cash collateral only for ordinary and necessary limited operating expenses substantially in accordance with the monthly operating budgets annexed hereto as Exhibit B (the "Budget"). Operating Debtor believes that the Budget includes all reasonable, necessary and foreseeable expenses to be incurred in the ordinary course of operating Operating Debtor's business for the period set forth in the Budget. Operating Debtor believes that the use of cash collateral in accordance with the Budget will provide it with adequate liquidity to pay administrative expenses as they become due and payable during the period covered by the Budget.

## LEGAL BASIS FOR PRELIMINARY RELIEF

20. Typically, a motion for authority to use cash collateral may commence no earlier than 14 days after service of the motion pursuant to Bankruptcy Rule 4001(b)(2). However, that same rule provides that the court may conduct a preliminary hearing before such 14 day period expires under certain circumstances.

### Request For Waiver Of Stay

21. The Operating Debtor further seeks a waiver of the stay of the effectiveness of the order that may be imposed by any applicable Bankruptcy Rule. As set forth above, the use of cash collateral is essential to prevent potentially irreparable damage to Operating Debtor's value and ability to reorganize. Accordingly, the Operating Debtor submits that sufficient cause exists

to justify a waiver of any stay imposed by the Bankruptcy Rules, to the extent applicable.

## Notice

22. Service of notice of this Motion will be made by mail on (i) the Office of the United States Trustee for the Southern District of New York, (ii) all parties having requested notices in the case, (iii) the Lenders, and (v) the Subchapter V Trustee. The Operating Debtor submits that no other or further notice need be provided.

**WHEREFORE**, Operating Debtor respectfully requests use of cash collateral in accordance with the terms of the annexed proposed Order and this Motion, together with such other and further relief as is just and proper under the circumstances.

Dated: New York, New York
June 8, 2020

Respectfully submitted,

BALLON STOLL BADER & NADLER, P.C.

By: /s/ Vincent J. Roldan
Vincent J. Roldan (VR 7450)
*Proposed attorneys for Debtors*
729 Seventh Avenue – 17th Floor
New York, NY 10019
212.575-7900
Fax 212.764-5060
www.ballonstoll.com