Vedder Price P.C.
1633 Broadway, 31st Floor
New York, New York 10019
(212) 407-7700  Telephone
(212) 407-7799  Facsimile
Mitchell D. Cohen, Esq.
mcohen@vedderprice.com
*Attorneys for Signature Bank*

Hearing Date and Time:
July 23, 2020 at 10:00 a.m.
Responses Due:
July 16, 2020

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MEZZ57TH LLC<br>d/b/a John Barrett, | Case No. 20-11316 |
| Debtor. | |

## MOTION PURSUANT TO
## 11 U.S.C. § 362(d) OF THE BANKRUPTCY CODE SEEKING AN
## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

In support of the motion filed by secured creditor, Signature Bank ("Signature"), by and

through its counsel, Vedder Price P.C., seeking entry of an Order (i) pursuant to 11 U.S.C. § 362(d)

of the Bankruptcy Code, terminating the automatic stay to allow Signature to enforce its rights

against collateral pledged by John F. Barrett, and (ii) for such other and further relief as the Court

deems just and proper (the "Motion").

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This

matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue lies properly in this

District pursuant to 28 U.S.C. §§ 1408 and 1409.

# I.  FACTUAL BACKGROUND

1.      On or about October 31, 2018, Mezz57th LLC d/b/a John Barrett ("Debtor") executed and delivered a Standby Letter of Credit Application and Agreement (the "Letter of Credit Agreement"), in which Debtor requested that Signature issue a letter of credit in favor of Debtor's landlord, MIP 57th Development Acquisition LLC ("Beneficiary").  On or about November 13, 2018, Signature issued an Irrevocable Standby Letter of Credit in favor of the Beneficiary in the maximum aggregate amount of $1,050,720.00.  Copies of the Letter of Credit Agreement and Irrevocable Standby Letter of Credit are collectively annexed hereto as **Exhibit A** and are incorporated herein by reference.[1]

2.      In connection with the Letter of Credit Agreement and Irrevocable Standby Letter of Credit, Debtor's member, John F. Barrett ("Barrett"), executed and delivered a Pledge Agreement (the "Pledge Agreement"), whereby Barrett agreed to pledge certain collateral to secure repayment of the Irrevocable Standby Letter of Credit, namely, the Money Market Account maintained at Signature in the name of Barrett (the "Account").  A copy of the Pledge Agreement is annexed hereto as **Exhibit B** and is incorporated herein by reference.

3.      On May 29, 2020 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Case").

4.      Debtor's Bankruptcy Case constitutes an event of default under the terms of the Letter of Credit Agreement and Pledge Agreement.  *See* Ex. A, Section 17(b); Ex. B, Section 5.

---

[1] Some of the exhibits annexed hereto have been redacted to remove certain confidential information of Debtor.

5.     On June 8, 2020, Signature received a draw presentation from Beneficiary in the amount of $660,673.00.

6.     On June 12, 2020, Signature paid Beneficiary the sum of $660,673.00.[2]

7.     Section 1 of the Letter of Credit Agreement provides as follows:

> **Prepayment/Reimbursement (U.S. Currency).** As to Drafts or drawings under or purporting to be under the Credit (including, but not limited to any Drafts or drawings made by an Transferee Beneficiary(ies) or purportedly by any Transferee Beneficiary(ies) or purported Transferee Beneficiary(ies)), which are payable in United States currency, the Applicant agrees in the case of each Draft or drawing, whether or not the Credit calls for Deferred Payments, to reimburse the Issuer at its office at once, in United States currency in immediately available funds the amount paid on such Draft or drawing, or, if so demanded by the Issuer, to pay to the Issuer at its office in advance at such time as the Issuer shall specify in United States currency in immediately available funds, the amount required to pay such Draft or drawing.

*See* Ex. A. Letter of Credit Agreement, Section 1.

8.     In connection with any draft or drawing, the Letter Agreement also provides that Debtor agrees to pay, among other things, interest accruing at the rate of five percent (5.0%) above Signature's stated prime rate of three and one quarter percent (3.25%) for total of eight and one quarter percent (8.25%) (the "Interest Rate") on amounts due Signature, as well as Signature's related costs, charges and fees and attorneys' fees. *See* Exhibit A, Section 4.

9.     Pursuant to the terms of the Pledge Agreement, upon an event of default, Signature is entitled to, among other things, transfer or liquidate the collateral in the Account into the name of Signature.

---

[2] Letters of credit issued on behalf of a debtor are not property of the estate. *See, e.g., In re M.J. Sales & Distributing Co.*, 25 B.R. 608, 614 (Bankr. S.D.N.Y. 1982) ("A bank honors a letter of credit and pays the beneficiary with its own funds, and not with assets belonging to the debtor who caused the letter of credit to be issued.").

10.     Signature is therefore entitled to reimbursement from the Account as follows: (i) the draw paid to the Beneficiary in the amount of $660,673.00; (ii) applicable fees in the amount of $926.91; (iii) accruing interest at the rate 8.25% *per annum* (from June 12, 2020, to the date of reimbursement); (iv) Signature's attorneys' fees and costs incurred in connection with the collection of the amounts due Signature;[3] and (v) any future draws on the Irrevocable Standby Letter of Credit by Beneficiary.

11.     While the Account securing the Letter of Credit Agreement and Irrevocable Standby Letter of Credit is in the name of Barrett, in his individual capacity, Signature files the instant Motion out of an abundance of caution, as Debtor has listed John Barrett as its d/b/a in the Petition.

12.     As of June 8, 2020, balance in the Account is $1,072,563.92.

## II.     RELIEF REQUESTED

13.     By the Motion, Signature seeks entry of an order terminating the automatic stay to allow Signature to pay or reimburse itself from in the Account with respect to any prior and future draws on the Letter of Credit Agreement and Irrevocable Standby Letter of Credit, including applicable fees, accruing interest and incurred attorneys' fees and expenses.

## III.     BASIS FOR RELIEF REQUESTED

### Signature is Entitled to Relief from the Automatic Stay

14.     Section 362(d) of the Bankruptcy Code provides the basis for terminating the automatic stay and states, in pertinent part, that:

> (d)     On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay… such as by terminating, annulling, modifying, or conditioning such stay —

---

[3] Assuming the Motion is granted, Signature intends to submit to this Court time and expense reports for attorneys' fees and costs incurred in this matter.

> (1) for cause, including lack of adequate protection of an interest in property of such party in interest . . .

11 U.S.C. § 362(d). The decision to lift the automatic stay is within the discretion of the bankruptcy court. *In re: Kaplan Breslaw Ash. LLC*, 264 B.R. 309, 321 (Bankr. S.D.N.Y. 2001).

15. The term "cause" under section 362(d)(1) is not defined in the Bankruptcy Code, rather, it is a broad and flexible concept, and must be determined on a case-by-case basis. *See In re: Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991); *see also In re: M.J. & K. Co., Inc.*, 161 B.R. 586, 590-91 (Bankr. S.D.N.Y. 1993) (internal citations omitted). Once the movant shows the cause exists, the burden is on the debtor to prove that it is entitled to protection of the automatic stay. *Id.* at 590. "Cause" is "broadly construed but generally involves consideration of both the balance of harm to the parties if the stay is denied and the interest of efficient administration of bankruptcy cases." *Rocco v. J.P. Morgan Chase Bank*, 2006 U.S. Dist. LEXIS 12850, *7 (W.D.Pa. March 24, 2006). Further, under section 362(d)(1), "cause" is not limited to lack of adequate protection. *In re Madison Hotel Corp.*, 175 B.R. 94, 97 (Bankr. N.D. Ala. 1994) ("Although Congress singled out lack of adequate protection as sufficient cause for modification of the automatic stay, it also made clear that cause under Section 362(d)(1) was not limited to lack of adequate protection.").

16. *To the extent the automatic stay applies to the Account,* cause exists for this Court to terminate the automatic stay as to Signature. Signature maintains a valid, first priority security interest in the Account, which is perfected by possession and said interest in unavoidable. Since the Beneficiary has already drawn on the Irrevocable Standby Letter of Credit, Signature's claim is now accruing interest at a higher rate than those funds in the Account. Once a draw has been paid, but not properly reimbursed, Signature will suffer a shortfall, thereby diminishing the limited equity in the Account.

17. Courts have approved stay relief to creditors in similar instances. *See, e.g. In re Evergreen Solar, Inc.*, Case No. 11-12590, Dkt. No. 667 (Bankr. D. Del. Jan. 17, 2012) (granting motion for relief from the automatic stay to allow creditor to reimburse itself for draws on its letter of credit from cash collateral); *In re: Compania Mexicana De Aviacion, S.A. de C.V.*, Case No. 10-14182, Dkt. No. 222 (Bankr. S.D.N.Y. Oct. 6, 2010) (so ordering stipulation for relief from automatic stay to the extent necessary to allow creditor to reimburse itself for draws on letter of credit and related fees from cash collateral).

18. As such, Signature is entitled to relief from the automatic stay allowing Signature to pay or reimburse itself from in the Account with respect to any prior or future draws on the Irrevocable Standby Letter of Credit, including applicable fees, accruing interest and incurred attorneys' fees and expenses.

19. Moreover, and notwithstanding Rules 4001(a)(3) or 7062 of the Federal Rules of Bankruptcy Procedure, grounds exist for any order lifting the automatic stay pursuant to this Motion to be effective immediately.

20. As such, Signature also requests that the Court waive the 14-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3).

21. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, for the foregoing reasons, Signature respectfully requests that this Court enter an Order: (i) pursuant to 11 U.S.C. § 362(d) of the Bankruptcy Code, terminating the automatic stay to allow Signature to enforce its rights against the Account pledged by Barrett, and (ii) for such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         June 12, 2020

Respectfully submitted,

SIGNATURE BANK


By: */s/ Mitchell D. Cohen* _____
       Mitchell D. Cohen
       VEDDER PRICE P.C.
       1633 Broadway, 31st Floor
       New York, NY 10019
       Telephone:  (212) 407-6980
       Facsimile:  (212) 407-7799
       mcohen@vedderprice.com