Joshua A. Sussberg, P.C. (admitted pro hac vice)
Emily E. Geier (admitted *pro hac vice*)
AnnElyse Scarlett Gains (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:         (212) 446-4900

-and-

Joshua M. Altman (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:         (312) 862-2200

*Co-Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| PIER 1 IMPORTS, INC., *et al.*,[1] | ) Case No. 20-30805 (KRH) |
| Debtors. | ) (Jointly Administered) |

**ORDER (I) APPROVING RELIEF RELATED TO THE INTERIM
BUDGET, (II) TEMPORARILY ADJOURNING CERTAIN MOTIONS AND
APPLICATIONS FOR PAYMENTS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of on order (this "Order") (a) approving relief related to the Debtors' Interim Budget attached hereto as Exhibit 1, including the temporary cessation of non-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 76]. The location of the Debtors' service address is 100 Pier 1 Place, Fort Worth, Texas 76102.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

critical payments, (b) adjourning certain motions and applications for payment, including those already filed, and (c) granting related relief, all as more fully set forth in the Motion; and upon the Riesbeck Declaration and Graiser Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest in these particular circumstances; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is GRANTED to the extent set forth in this Order.

2.  The Debtors may enter into the Limited Operation Period, including making payments pursuant to the Final DIP Order and the Interim Budget in the form substantially attached hereto as **Exhibit 1** (as may be amended, modified, or supplemented pursuant to the terms of the Final DIP Order) and the Debtors may continue to pay critical expenses, including employee benefits for all furloughed employees, wages for certain employees, insurance (including insurance

and utilities necessary to maintain the Debtors' leased premises to the extent the Debtors directly pay such insurance and utility costs to the insurers and utility providers in the ordinary course of business, as well as all monitored security systems to the extent such systems are in place in the ordinary course of business), trust fund taxes, and other corporate and professional costs essential for the Debtors to pursue a value-maximizing outcome to these chapter 11 cases as provided for in the Interim Budget, and in accordance with the Final DIP Order, from the entry of this Order until such date (a) the Debtors (after consultation with the Agents (as defined in the Final DIP Order)) file a notice of their intent to reopen operations (the "Limited Operation Period"), or (b) that the Court orders otherwise. For the avoidance of doubt, (y) the Interim Budget may be modified in accordance with the Final DIP Order to provide for any necessary expenses during the Limited Operation Period, and (z) the Final DIP Order, as amended to include the Interim Budget as the "Budget," remains in full force and effect during the Limited Operation Period. Obligations included in the Interim Budget shall be timely paid.

3. To the extent the Debtors, with the consent of the Agents, undertake any obligation during the Limited Operation Period (including seeking services or goods from any party), the payment of such obligations shall be included in the Interim Budget and timely paid.

4. The Debtors are authorized to temporarily defer making all other payments not contemplated by the Final DIP Order or the Interim Budget, including rent payments to landlords who have not voluntarily consented to a rent deferral and certain payments to vendors, shippers, and suppliers. For the avoidance of doubt, the Debtors' failure to make any payments under an unexpired lease or executory contract not contemplated by the Interim Budget shall not constitute a rejection of any such unexpired lease or executory contract, and the rights of all parties related to any payments or obligations accruing or due but unpaid by the Debtors during the Limited

3

Operations Period are reserved.

5. To the extent any payment is deferred pursuant to this Order, the Debtors shall make reasonable best efforts to make such payment within 45 days following the Limited Operation Period, except as otherwise agreed to by the parties or such date as the Court may determine. Parties shall make reasonable best efforts to consensually resolve any disputes related to the amount and timing of such payments with the Debtors during such 45-day time period prior to filing a motion or application for payment, and the rights of all parties related to such payments are reserved.

6. All inventory remaining in stores with underlying leases that were rejected pursuant to the Lease Rejection Order is deemed abandoned property (the "Abandoned Property") and the existence of such inventory shall not be a basis for a landlord to assert that the lease was not timely rejected as of the Rejection Date set forth in the Lease Rejection Order (as may be modified by paragraph 7 of this Order). Consistent with the Lease Rejection Order, the affected landlord may take possession and control of such premises as of the applicable Rejection Date and may use, sell, or dispose of the Abandoned Property and any other property remaining in the stores upon the Rejection Date without notice or liability to the Debtor or any party.

7. To the extent modifications to the Debtors key-turnover process resulted in a delay of providing the keys to affected landlords, the Rejection Date of such lease shall be the date that the affected landlord had access and control to the applicable leased premises (or received written or email notice of the right to access and control the applicable lease premises). To the extent any landlord believes it is entitled to administrative claims on account of such lease rejection, such landlord's administrative claim will be resolved pursuant to an order of the Court (which may be in conjunction with any administrative claims procedures approved by the Court, a chapter 11 plan,

or otherwise). All parties reserve all rights related thereto.

8. All motions, applications, actions, or pleadings filed in these cases seeking payment of any amounts not included in the Interim Budget shall be automatically adjourned to the next scheduled omnibus hearing that is no less than 45 days after the end of the Limited Operation Period or such other dates as the Court may determine. For the avoidance of doubt, (1) any motion related to an expense included in the Interim Budget shall not be subject to automatic adjournment, and (2) any motion, application, action, or pleading by the Agents with respect to the DIP Senior Credit Facility Documentation or the Term Loan Agent with respect to the Term Loan Facility and the Consenting Term Lenders, for as long as the Plan Support Agreement remains in effect, shall not be subject to automatic adjournment.

9. All motions, applications, actions, or pleadings filed in these cases seeking to lift the automatic stay or seeking to compel rejection, assumption, or assumption and assignment of any unexpired leases or executory contracts, including any such motion already filed, shall be automatically adjourned to the next scheduled omnibus hearing that is no less than 45 days after the end of the Limited Operation Period or such other dates as the Court may determine, subject to the last sentence of paragraph 11 of this Order. For the avoidance of doubt, this (a) includes any motion, application, action, or pleading seeking (i) adequate protection or payment, (ii) to lift the automatic stay, or (iii) to compel rejection, assumption, or assumption and assignment of any unexpired lease or executory contract, and (b) does not include any motion, application, action, or pleading by the Agents with respect to the DIP Senior Credit Facility Documentation or the Term Loan Agent with respect to the Term Loan Facility and the Consenting Term Lenders, for as long as the Plan Support Agreement remains in effect.

10. All hearings on motions for relief from the automatic stay currently scheduled,

including Docket Nos. 232, 350, 298, and 427, are adjourned to the next scheduled omnibus hearing that is no less than 45 days after the end of the Limited Operation Period or such other dates as the Court may determine.

11. Subject to the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 151], all parties (including, without limitation, the Agents) shall be permitted to seek relief from this Court during the Limited Operation Period with respect to exigent or unforeseen circumstances, and which the Debtors (in consultation with the Agents, prepetition lenders, and the official committee of unsecured creditors (the "Committee")) and such parties are unable to resolve consensually. Based on the Court's assessment of exigency, the Court will make itself available in its own discretion and as circumstances may permit or warrant.

12. During the Limited Operation Period, the Debtors shall schedule a monthly hearing (each, a "Subsequent Hearing") with the Court at which hearing: (a) the Debtors shall provide all parties in interest an update on the chapter 11 process and business reopening timeline, (b) the Court may resolve any material disputes related to the Order raised by parties in interest, and (c) the Court may determine if the relief granted by the Order should be modified and/or remain in place (and set a termination date for the Limited Objection Period, if applicable) (i) in response to changing circumstances, (ii) at the request of any party in interest, which request may be made in writing prior to the Subsequent Hearing as set forth below or made orally at the Subsequent Hearing, or (iii) based on any other basis the Court shall determine.

13. The first Subsequent Hearing shall be April 28, 2020, at 1:00 p.m. (EST). The Debtors shall file an Agenda, together with an updated Interim Budget, for such Subsequent Hearing no later than April 26, 2020, at 12:00 p.m. (EST), which Agenda shall indicate, among

other things, whether the Debtors (to the best of their knowledge at that time) intend to continue or terminate the Limited Operation Period at the Subsequent Hearing. Any objections or responses thereto are encouraged, but not required, to be made in writing by April 27, 2020 at 4:00 p.m. (EST) or may be stated orally at the Subsequent Hearing. Any party seeking to modify the relief granted by this Order or otherwise resolve a material dispute related to this Order at the Subsequent Hearing is encouraged, but not required, to file a pleading seeking such relief by April 21, 2020 at 4:00 p.m. (EST). Any objections or responses thereto are encouraged, but not required, to be made in writing by April 27, 2020 at 4:00 p.m. (EST) or may be stated orally at the Subsequent Hearing. For the avoidance of doubt, in the event that any party seeks to modify or terminate this Order, the burden shall remain on the Debtors to justify the need for the continuation of this Order in its current form or as subsequently modified, as applicable.

14. The Debtors and/or the Debtors' professionals agree to take reasonable efforts to provide timely and regular updates, including all mutually agreed information to the Committee and/or its professionals, during the Limited Operation Period to ensure the Committee has sufficient information to timely assess the status, benefits, and risks of the continuation of the Limited Operation Period.

15. All parties reserve all claims, rights, defenses, counter-claims, and arguments with respect to the proper amount of any administrative claim, including those filed in connection with any administrative claims procedures approved by the Court, including all theories, defenses and causes of action to alleged theories set forth in paragraphs 26–39 of the Motion or under applicable law, and none of the relief provided for in this Order shall be used to imply or assert that any administrative expense claimants, claims, or payments have priority over other administrative expense claims or that certain administrative expense claimants can be separately classified under

a chapter 11 plan, regardless of the treatment of certain administrative expense claimants permitted by this Order.

16. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code, any foreign bankruptcy or insolvency law, or other applicable non-bankruptcy law (except as expressly set forth herein); (b) a waiver of the Debtors' or any other party in interest's right to assert or to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined or should be reduced or disallowed as a result of the entry of this Order or the filing of the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Order is not intended and should not be construed as an admission as the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

17. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

18. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

21. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: Apr 6 2020
Richmond, Virginia

/s/ Kevin R Huennekens
United States Bankruptcy Judge

Entered on Docket: Apr 6 2020

Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice*)
AnnElyse Scarlett Gains (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900

- and -

Joshua M. Altman (admitted *pro hac vice*)
300 North LaSalle Street
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200

*Co-Counsel to the Debtors and Debtors in Possession*

*Submitted by:  /s/ Jeremy S. Williams*
Jeremy S. Williams (VSB No. 77469)

**CERTIFICATION OF ENDORSEMENT
UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                        /s/ *Jeremy S. Williams*