UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In Re:

MEZZ57TH LLC *et al*.

             Debtor and
             Debtor in Possession

---------------------------------------------------------X

Chapter 11

Case No.: 20-11316

(Jointly Administered)

## ORDER (A) AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS, AND (B) GRANTING RELATED RELIEF

Upon the Motion (the "Motion") of the Debtor Mezz57th LLC (the "Debtor") for entry of an Order (A) Authorizing the Debtor to Pay Certain Prepetition Claims of Critical Vendors and (B) Granting Related Relief (this "Order"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtor provided adequate and appropriate notice of the Motion; and that no other or further notice is required; and the Court having reviewed the Motion and having heard statements in support of the Motion at a hearing held before the Court on July 23, 2020 (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefore,

**IT IS ORDERED** as follows:

1. The Motion is granted as set forth herein.

2. The Debtor is authorized, but not directed, in its sole discretion, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, in the reasonable exercise of its business judgment, to pay Vendor Claims of Critical Vendors upon such terms and in the manner provided in this Order and the Motion; *provided that* the amount paid with respect to Vendor Claims shall not exceed the aggregate amount of $100,000.

3. The Debtor is authorized to enter into vendor agreements (individually, a "<u>Vendor Agreement</u>") to condition payment of Vendor Claims upon each Critical Vendor's agreement to continue—or recommence—supplying the Critical Vendor Products to the Debtor in accordance with trade terms (including credit limits, pricing, timing of payments, availability, and other terms) at least as favorable to the Debtor as those in place prior to the Petition Date, or as otherwise agreed by the Debtor, in its reasonable business judgment when the Debtor determines, in the exercise of its reasonable business judgment, that it is appropriate to do so; *provided that* the Debtor's inability to enter into a Vendor Agreement shall not preclude it from paying a Vendor Claim when, in the exercise of its reasonable business judgment, such payment is necessary to the Debtor's reorganization.

4. If a Critical Vendor has received payment of its Vendor Claim, but later fails to comply with the terms of a Vendor Agreement between the Critical Vendor and the Debtor, or such other terms as were individually agreed to between the Debtors and such Critical Vendor, the Debtor may, in its discretion, declare that (i) the payment is a voidable postpetition transfer pursuant to section 549(a) of the Bankruptcy Code that the Debtor may recover in cash or in goods from such Critical Vendor (including by setoff against postpetition obligations); or (ii) the Critical Vendor shall immediately return the payment of its claim without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets of any type whatsoever, and the Critical Vendor

shall be reinstated in such an amount so as to restore the Debtor and the Critical Vendor to their original positions as if the Vendor Agreement had never been entered into and no payment of the claim had been made.

5. The Debtor shall maintain a matrix summarizing (i) the name of each Critical Vendor paid; (ii) the amount paid to each Critical Vendor on account of its Vendor Claim; and (iii) the type of goods or services provided by that Critical Vendor. This matrix will be provided upon request, to the U.S. Trustee and Subchapter V Trustee.

6. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim or lien against the Debtor (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code.

7. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

8. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

9. The Debtor is authorized to take all action necessary to the relief granted in this Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
      July \_\_\_, 2020

                                                                         _____
                                                                         UNITED STATES BANKRUPTCY JUDGE