BALLON STOLL BADER & NADLER, P.C.
729 Seventh Avenue
New York, NY 10019
Telephone:  (212) 575-7900
Facsimile:   (212) 764-5060
Vincent J. Roldan
vroldan@ballonstoll.com

*Attorneys for Mezz57th LLC and John Barrett Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 11 |
| MEZZ57TH LLC *et al.* | Case No.:  20-11316 |
| Debtors and<br>Debtors in Possession | (Jointly Administered) |

--------------------------------------------------------X

### DEBTORS' MOTION PURSUANT TO BANKRUPTCY SECTION 1189(b)
### FOR AN ORDER EXTENDING TIME TO FILE CHAPTER 11 PLAN

Mezz57th LLC ("Operating Debtor") and John Barrett Inc. ("JBI", and collectively with

the Operating Debtor, the "Debtors"), by their attorneys Ballon Stoll Bader & Nadler, P.C., files

this Motion Pursuant To Section 1189(b) of title 11 of the United States Code (the "Bankruptcy

Code") For an Order Extending Time To File a Chapter 11 Plan (the "Motion") and respectfully

states as follows:

**Preliminary Statement**

The Operating Debtor has re-opened its salon on June 22, 2020 after three months of

closure due to the Covid-19 pandemic.  As demonstrated in declarations filed with the Court, the

Operating Debtor had strong revenue the opening week but revenues in subsequent weeks was

low.  Even though the Salon is almost able to provide all of the services it would typically

provide, it is not able to operate at full capacity.  It is currently operating under a consensual

interim cash collateral order that contemplates payment of basic business expenses plus deferred rent to its landlord.

Under the Operating Debtor's agreement with its landlord, motions relating to the Operating Debtor's lease obligations are adjourned to October 2020. The Debtors intend to use the next few weeks leading up to that hearing to negotiate with its landlord and other creditors and consult with the Subchapter V Trustee for a feasible, consensual chapter 11 plan. The current deadline for the Debtors to file a plan, under section 1189 of the Bankruptcy Code, is August 27, 2020. By this motion, the Debtors seek a ninety-day extension to November 25, 2020.

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2.      The statutory predicate for the relief requested herein is section 1189(b) of the Bankruptcy Code (the "Bankruptcy Code").

**Background**

3.      On May 29, 2020 (the "Petition Date"), the Debtors each filed a voluntary petition for relief pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtors are each operating their businesses as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4.      On June 1, 2020, pursuant to 11 U.S.C. § 1183(a), the United States Trustee appointed Charles Persing as Subchapter V trustee for the Operating Debtor.

5.    The Operating Debtor's business and facts precipitating the filing of the

Operating Debtor's Chapter 11 proceeding is set forth in the Affidavit of John Barrett Pursuant

To Local Bankruptcy Rule 1007-2 (the "Barrett Affidavit") filed on June 3, 2020.  Those facts

are incorporated herein by reference.

## Relief Requested

6.    Under section 1189(b) of the Bankruptcy Code, the Debtors must file a Chapter 11

plan of reorganization by August 27, 2020.  By this Motion, the Debtors seek a ninety-day

extension of the deadline to file a Chapter 11 Plan, to November 25, 2020.

7.  Section 1189(b) of the Bankruptcy Code provides:

> The debtor shall file a plan not later than 90 days after the order for
> relief under this chapter, except that the court may extend the period
> if the need for the extension is attributable to circumstances for
> which the debtor should not justly be held accountable.

8.    Here, the Debtors respectfully submit that there are circumstances for which they

should not justly be held accountable.  The novel coronavirus has severely impacted business

operations of the Operating Debtor such that for the first three weeks of this case, the Operating

Debtor was closed.  Even after re-opening on June 22, 2020, the Operating Debtor is only permitted

to have a permitted occupancy of 50% of its pre-pandemic customers and employees on the floor.

9.    The Operating Debtor has only been open for a month and a half which included

the extended July 4th holiday and the summer vacation season for clients.  While the Operating

Debtor was unsure as to whether clients would take their typical summer holidays, it appears that

the pandemic has not altered those plans.

10.    Notwithstanding this, during this time, significant efforts and time has been spent

on adapting and stabilizing the business to this new pandemic environment to prepare for the

future.  As a result of the uncertainties brought about by this timeline and the realities of this new

world, there has been insufficient time to properly evaluate business operations, develop realistic projections, and structure a consensual plan.

11.     In line with this, the Operating Debtor has been working closely with creditors to maximize its chances of emerging from this case. It has successfully negotiated a deferral of rent from its landlord as well as interim use of cash collateral. Further, it has been providing frequent updates to the Court and parties in interest with respect to business operations via declarations filed with the Court. It has also had weekly meetings with the Subchapter V Trustee for input as to the direction of these bankruptcy cases.

12.     In view of the circumstances of the filing of the Debtors' Chapter 11 cases, the Debtors have not had sufficient time to file a chapter 11 plan. The Debtors believe that their creditors will benefit from the extension requested in the Motion because additional time will allow for a better development and understanding of the Debtors' business projections going forward and allow the Operating Debtors to prepare and present a more definitive plan to the creditors.

13.     The relief sought is akin to the relief sought under section 1121(d) of the Bankruptcy Code to extend a debtor's exclusive period. While there are no specific statutory guidelines as to what circumstances justify an extension, courts have appropriately granted extensions of the section 1121(d) time periods in a wide variety of circumstances. The general rule is that the court must give the debtor a reasonable opportunity to negotiate with creditors. *7 Collier on Bankruptcy* 1121.06 at p. 1121-7 (15th Ed. 2002). Courts have found that an extension under 1121(d) is necessary to provide such a "reasonable opportunity" in a wide range of cases where the debtor is proceeding diligently and in good faith but has simply not had sufficient time under the particular factual circumstances of the case to formulate a plan. *See, e.g., In re McLean Industries, Inc.*, 87 B.R. 830 (Bankr. S.D.N.Y. 1987).

14.     As demonstrated above, the Debtors respectfully submit that they have made progress in its Chapter 11 case, despite the challenges faced by the coronavirus.

15.     This is the Debtor's first request for an extension under section 1189(b) and there has been no prior request.

## Conclusion

13.     For these foregoing reasons, the Debtors respectfully requests the Court enter an Order granting the relief requested herein. The Debtors believe that such relief is absolutely vital to their ability to reorganize.

## Notice

14.     Service of notice of this Motion will be made by mail on (i) the Office of the United States Trustee for the Southern District of New York, (ii) all parties having requested notices in the case, (iii) the Lenders, (iv) the Operating Debtor's twenty largest creditors (including the Landlord), and (v) the Subchapter V Trustee.  The Operating Debtor submits that no other or further notice need be provided.

**WHEREFORE**, Operating Debtor respectfully requests entry of an Order granting the relief requested herein together with such other and further relief as is just and proper under the circumstances.

Dated:  New York, New York
        August 10, 2020

                                        Respectfully submitted,


                                        BALLON STOLL BADER & NADLER, P.C.


                                        By:___/s/ Vincent J. Roldan_____
                                            Vincent J. Roldan (VR 7450)
                                            *Attorneys for Debtors*

729 Seventh Avenue – 17th Floor
New York, NY 10019
212.575-7900
Fax 212.764-5060
www.ballonstoll.com

729 Seventh Avenue – 17th Floor
New York, NY 10019
212.575-7900
Fax 212.764-5060
www.ballonstoll.com