Jonathan L. Flaxer
Moshie Solomon
GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP
711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0777

*Counsel for MIP 57th Development Acquisition LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

MEZZ57TH LLC, et al.,

          Debtors and
          Debtors-in-Possession.
-------------------------------------------------------X

Chapter 11

Case No.: 20-11316

(Jointly Administered)

## DECLARATION OF JANE GLADSTEIN IN SUPPORT OF ENTRY OF ORDER (I) REJECTING LEASE BETWEEN THE DEBTOR AND MIP 57th DEVELOPMENTACQUISITION LLC, (II) COMPELLING THE DEBTOR TO SURRENDER PREMISES, AND (III) TERMINATING THE STAY

JANE GLADSTEIN, pursuant to 28 U.S.C. § 1746, hereby deposes and says:

1. I am the Project Executive for Sterling Project Development Group LLC, advisor to and authorized signatory for MIP 57th Development Acquisition LLC (the "**Landlord**"), which maintains an office at 150 Greenwich Street, 49th Floor, New York, New York 10007.

2. I hereby submit this declaration in support of the entry of the prefixed Order (I) rejecting the lease (the "**Lease**") between debtor Mezz57th LLC (the "**Debtor**") and the Landlord for the premises located at 432 Park Avenue a/k/a 36-46 East 57th Street, New York, New York (the "**Premises**"), (ii) compelling the Debtor to surrender the Premises, and (iii) terminating the stay with respect to the Lease and the Premises.

3558667.1

3. On August 11, 2020, this Court entered an Order (I) Approving Relief Related to the Interim Budget and (II) Granting Related Relief (the "**Rent Deferral Order**") [Dkt. No. 66]. A true and correct copy of the Rent Deferral Order is annexed hereto as **Exhibit A**.

4. In accordance with Paragraph 2 of the Rent Deferral Order, the Debtor was obligated to make, *inter alia*, the following payments to the Landlord (the "**Partial Rent Payments**"):

   a. $10,000 to be applied to July, 2020 rent, to be paid on or before August 7, 2020; and

   b. $15,000 to be applied to August 2020, to be paid on or before August 7, 2020.

5. In accordance with Paragraph 3 of the Rent Deferral Order, if any of the Partial Rent Payments were not made within 10 days from the date that each payment is due in accordance with such order, the Debtor shall be deemed to consent to the entry of an order (i) rejecting the Lease, (ii) compelling the Debtor to surrender the Premises, and (iii) terminating the stay with respect to the Lease and the Premises.

6. As of the date herein, the Debtor has failed to make the required Partial Rent Payments to the Landlord, as obligated by the Rent Deferral Order.

7. Consequently, in accordance with the Rent Deferral Order, Landlord respectfully requests that this Court enter the prefixed Order (i) rejecting the Lease, (ii) compelling the Debtor to surrender the Premises, and (iii) terminating the stay with respect to the Lease and the Premises.

8. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
August 19, 2020

_____
Jane Gladstein

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In Re:

MEZZ57TH LLC et al.

         Debtor and
         Debtor in Possession

--------------------------------------------------------X

Chapter 11

Case No.: 20-11316

(Jointly Administered)

**ORDER (I) APPROVING RELIEF RELATED TO THE INTERIM
BUDGET AND (II) GRANTING RELATED RELIEF**

Upon the Motion (the "Motion") of the Debtor Mezz57th LLC (the "Debtor") for entry of an order (this "Order") (I) Approving Interim Relief Related To the Interim Budget and (II) Granting Related Relief; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtor provided adequate and appropriate notice of the Motion; and that no other or further notice is required; and MIP 57th Development Acquisition LLC (the "Landlord") having filed an objection (the "Landlord Objection") to the Motion and a cross-motion to compel payment of post-petition obligations under 11 U.S.C. § 365(d)(3) (the "Landlord Cross-Motion") on July 8, 2020; and the Court having reviewed the Motion and having heard from all parties at a hearing held before the Court on July 23, 2020 and a continued hearing held before the Court on July 28, 2020 (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn on the terms set forth herein; and after due deliberation and sufficient cause appearing therefore,

3545755.1

**IT IS ORDERED** as follows:

1. The Motion is granted as set forth herein.

2. The Debtor is authorized to temporarily defer making all other payments not contemplated by the interim budget approved in connection with a motion for use of cash collateral ("Interim Budget") through October 8, 2020, including rent payments to the Landlord, except for partial payments of rent as follows (collectively, the "Partial Rent Payments"):

   a. $10,000 to be applied to July, 2020 rent, to be paid on or before August 7, 2020;

   b. $15,000 to be applied to August 2020 rent, to be paid on or before August 7, 2020;

   c. $20,000 to be applied to September 2020 rent, to be paid on or before September 8, 2020;

3. If any of the Partial Rent Payments are not made within 10 days from the date that each payment is due in accordance with this Order, the Debtor shall be deemed to consent to the entry of an order (i) rejecting the lease (the "Lease") with the Landlord for the premises located at 432 Park Avenue a/k/a 36-46 East 57th Street, New York, New York (the "Premises") , (ii) compelling the Debtor to surrender the Premises, and (iii) terminating the stay with respect to the Lease and the Premises.

4. Landlord reserves all rights with respect to any and all obligations of the Debtor under the Lease, including but not limited to the balance of the rent and additional rent due under the Lease. Debtor's right to object to Landlord's claims, including to contest the validity, amount, and priority of Landlord's claims, is reserved.

5. The Landlord Objection is hereby withdrawn.

6. The Landlord Cross-Motion is hereby adjourned to October 8, 2020 at 2:00 PM.

7. The parties shall make reasonable best efforts to consensually resolve any disputes related to assumption of the Lease under section 365 of the Bankruptcy Code, including but not

limited to the mechanic's liens against the Premises and the owner's work contribution under the Lease.  If the parties have not come to an agreement as to assumption of the Lease by September 15, 2020, Landlord reserves all rights to seek any relief with respect to the Lease, including but not limited to a motion to compel assumption or rejection of the Lease, to be heard on October 8, 2020 at 2:00 PM.

8. The foregoing deadlines agreed upon between the Debtors and the Landlord may be extended or waived by written mutual consent.

9. All motions, applications, actions, or pleadings filed in these cases seeking payment of any amounts not included in the Interim Budget shall be automatically adjourned to October 8, 2020 at 2:00 PM .

10. All motions, applications, actions, or pleadings filed in these cases seeking to lift the automatic stay or seeking to compel rejection, assumption, or assumption and assignment of any unexpired leases or executory contracts, including any such motion already filed, shall be automatically adjourned to October 8, 2020 at 2:00 PM.

11. Notwithstanding the foregoing, all parties shall be permitted to seek relief from this Court between now and October 8, 2020 with respect to exigent or unforeseen circumstances, and which the Debtors and such parties are unable to resolve consensually.

12. All parties reserve all claims, rights, defenses, counter-claims, and arguments with respect to the proper amount of any administrative claim, including all theories, defenses and causes of action to theories set forth in the Motion or under applicable law.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
      August 11, 2020

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE