BALLON STOLL BADER & NADLER, P.C.
729 Seventh Avenue
New York, NY 10019
Telephone: (212) 575-7900
Facsimile: (212) 764-5060
Vincent J. Roldan
vroldan@ballonstoll.com

*Attorneys for Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In Re:

MEZZ57TH LLC, et al.

        Debtors
     and Debtors in Possession
---------------------------------------------------------X

Chapter 11

Case No.: 20-11316

(Jointly administered)

**FIRST INTERIM APPLICATION OF BALLON STOLL BADER & NADLER, P.C.
AS ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED FROM
MAY 29, 2020 THROUGH AND INCLUDING SEPTEMBER 10, 2020**

| | |
|---|---|
| Name of Applicant: | Ballon Stoll Bader & Nadler, P.C. |
| Authorized to Provide Professional Services to: | Debtor |
| Date of Retention: | Nunc pro tunc to May 29, 2020 |
| Period for Which Compensation and Reimbursement are Sought: | May 29, 2020- Sept. 10, 2020 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $138,990.00 (Mezz57th)<br>$3,998.25 (John Barrett Inc.) |
| Compensation sought after application of | |

| | |
|---|---|
| pre-petition retainer to pre-petition fees:[1] | $112,194 (Mezz57th) |
| | $0.00 (John Barrett Inc.) |
| 80% of Compensation: | $89,755.20 (Mezz57th) |
| | $0.00 (John Barrett Inc.) |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $1,938.50 (Mezz57th) |
| | $1,796.00 (John Barrett Inc.) |
| 80% Compensation + 100% Expenses: | $91,693.70 (Mezz57th) |
| | $1,796.00 (John Barrett Inc.) |
| Amount Requested To Be Paid: | $91,693.70 (Mezz57th) |
| | $1,796.00 (John Barrett Inc.) |
| This is a: | First Interim Application |

---

[1] As disclosed in the application to retain Applicant dated June 3, 2020 [Docket No. 7], Applicant incurred $26,796 in fees and expenses relating to preparation for Mezz5th LLC's Chapter 11 case, and $4,296 in preparation of John Barrett Inc.'s Chapter 11 case (corrected to be $3,998.25). Applicant seeks authority to use its pre-petition retainer to have these fees paid in full.

**APPLICATION PERIOD**
**MAY 29, 2020- SEPTEMBER 10, 2020**

For Mezz 57th LLC

| Professional | Position | Billing Rate | Sum of Hours | Sum of Fees |
|---|---|---:|---:|---:|
| Amanda Inglesh | Paralegal | 195 | 1.00 | $195.00 |
| Omar Brunson | Paralegal | 225 | 4.10 | $922.50 |
| Steve Balken | Summer Associate | 195 | 24.80 | $4,836.00 |
| Vincent J. Roldan | Partner | 495 | 153.20 | $75,834.00 |
| Michael Sheppeard | Partner | 525 | .4 | $210.00 |
| Michael Sheppeard | Partner | 495 | 86.80 | $43,263.00 |
| Howard Bader | Partner | 565 | 24.30 | $13,729.50 |

For John Barrett Inc

| Professional | Position | Billing Rate | Sum of Hours | Sum of Fees |
|---|---|---:|---:|---:|
| Michael Sheppeard | Partner | 495 | 7.65 | $3,489.75 |
| Howard Bader | Partner | 565 | .9 | $508.50 |

BALLON STOLL BADER & NADLER, P.C.
729 Seventh Avenue
New York, NY 10019
Telephone: (212) 575-7900
Facsimile: (212) 764-5060
Vincent J. Roldan
vroldan@ballonstoll.com

*Attorneys for Debtors*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>---------------------------------------------------------X<br>In Re:<br><br>MEZZ57TH LLC, et al.<br><br>                     Debtors<br>                     and Debtors in Possession<br>---------------------------------------------------------X | Chapter 11<br><br>Case No.: 20-11316<br><br>(Jointly administered) |

**FIRST INTERIM APPLICATION OF BALLON STOLL BADER & NADLER, P.C. AS ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FROM MAY 29, 2020 THROUGH AND INCLUDING SEPTEMBER 10, 2020**

Ballon Stoll Bader & Nadler, P.C. ("Applicant"), attorneys for Debtors and Debtors-in-Possession (the "Debtor") in the above-captioned cases, in support of its first interim application (the "Application") for allowance of compensation for professional services rendered and reimbursement of expenses incurred from May 29, 2020 through and including September 10, 2020 (the "Application Period") respectfully represents:

## INTRODUCTION AND BACKGROUND

1. On May 29, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtors are operating their business as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. No entity has requested the appointment of a trustee or examiner in these Chapter 11 cases.

3. On June 1, 2020, pursuant to 11 U.S.C. § 1183(a), the United States Trustee appointed Charles Persing as Subchapter V Trustee (the "Subchapter V Trustee").

4. A detailed description of the Debtors' businesses and facts precipitating the filing of the Debtors' Chapter 11 proceedings is set forth in the Affidavit of John Barrett Pursuant To Local Bankruptcy Rule 1007-2 (the "Barrett Affidavit") filed on June 3, 2020. Those facts are incorporated herein by reference.

5. On August 5, 2020, the Court entered an order authorizing the retention of Applicant as attorneys for the Debtor, effective as of the Petition Date (Docket No. 58). A copy of this order is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief south herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, Local Bankruptcy Rule 2016-1, and the U.S. Trustee Guidelines.

## APPLICANT'S FEES AND EXPENSES

7. Applicant's services in this case have been necessary and beneficial to the Debtors and their estates. Applicant was retained to serve as attorneys for the Debtors. In the discharge of

its professional responsibilities, Applicant devoted its time towards those tasks that must be typically performed by the Debtors early on in any Chapter 11 case, as more fully described below.

8. In accordance with section (b)(2) of the U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, dated May 20, 1995, certain information must be provided in each application to the extent that it is known or can be reasonable ascertained by the applicant. Accordingly, Applicant makes the following disclosures:

- a. The Debtors have been given an opportunity to review this Application, but has not yet had an opportunity to comment. Applicant expects that prior to the hearing on this Application, the Debtor will approve the amount requested herein.

- b. The Debtors have not yet filed a plan but has been working with the Subchapter V Trustee regarding the structure of an agreed plan.

- c. To the best of the Applicant's knowledge, the Debtors are paying undisputed administrative expenses in the ordinary course of business except as indicated in the Debtors' operating reports.

## **THE FEE APPLICATION**

9. As set forth in the Declaration of Vincent J. Roldan pursuant to Bankruptcy Code Section 504 and Bankruptcy Rule 2016 annexed hereto as <u>Exhibit B</u> (the "<u>Roldan Declaration</u>"), no agreement or understanding exits between the Applicant and any other entity for the sharing of compensation to be received for services rendered in, or in connection with, these cases. Mr. Roldan had previously disclosed, by supplemental declaration dated June 19, 2020 [Docket No. 30], that he is a partner at Mandelbaum & Salsburg PC, and there is an agreement between Mandelbaum and BSBN to compensate each other for fees collected for services performed by him.

10. Applicant maintains written records of the time invested by attorneys and paraprofessionals in performing services for the Debtor. Applicant prepares separate bills: one for

Mezz57th LLC (at times defined as the "Operating Debtor") and one for John Barrett Inc. Such time records are made contemporaneously with the performance of services by the person rendering such services. A copy of the daily time records for the Application Period, listing the name of the attorney or paraprofessional who performed the services, the date on which the services were performed, and the amount of time spent in performing the services, is annexed hereto as <u>Exhibit C</u>.

11. For the convenience of the Court and parties in interest, <u>Exhibit D</u> is a list of the attorneys and paraprofessionals who have worked on this case during the Application period, the aggregate time invested by each individual, the applicable billing rate, and the amount of fees attributable to each individual.

12. Applicant also maintains records of all actual and necessary out-of-pocket expenses incurred in connection with the rendition of professional services. A schedule setting forth the categories of expenses and amounts for which reimbursement is requests for the Application Period is annexed hereto as <u>Exhibit E</u>.

## **SUMMARY OF SERVICES RENDERED**

13. The following chart describes the categories of Applicant's services:

| Task (Mezz57th) | Hours | Amount |
| --- | --- | --- |
| Communication (with client) | 71.80 | $36,890.00 |
| Communication (other external) | 4.00 | $1,980.00 |
| Case administration | 39.10 | $18,247.50 |
| Relief from Stay | .5 | $247.50 |
| Fee/ Employment Applications | 28.25 | $13,563.75 |
| Assumption/ Rejection of Leases | 76.15 | $31,109.75 |
| Financing/ Cash collections | 19.90 | $9,850.50 |
| Plan and Disclosure Statement | 3.00 | $1,485.00 |
|  |  |  |
| Task (John Barrett Inc.) | Hours | Amount |
| Case administration | 7.45 | $3,998.25 |
| Fee/ Employment Applications | .5 | $247.50 |

14. The following summary highlights the major areas to which Applicant devoted substantial time and attention during the Application Period.

General motions

15. On the date of its bankruptcy filing, the Applicant, on behalf of the Debtors, filed several "first day" motions which were heard by the Court on June 11, 2020. These motions, including a motion for interim use of cash collateral on consent and a motion to set adequate assurance for utilities, were intended to facilitate the transition between the Debtors' prepetition and postpetition business operations. The first day motions were generally approved in full, at least on an interim basis.

16. Applicant filed several other motions on behalf of the Debtors, including a motion to pay critical vendors which was approved and a motion for an extension under section 1189 of the Bankruptcy Code. Further, Applicant worked with the Debtors to file periodic affidavits in order to keep the Court and parties in interest apprised as to operations.

Motion to For Relief From Rent

17. The Operating Debtor (Mezz 57th) has re-opened its salon on June 22, 2020, after having been closed due to state-wide mandates. The Operating Debtor must comply with strict guidelines that will impact operations and impact the ability to generate revenue to pre-Covid level. As such, the Operating Debtor filed a motion to temporarily cease making or delaying payments to its landlord. Simultaneously, Applicant opposed the landlord's motion to compel assumption or rejection of the real property lease.

18. Applicant, on behalf of the Debtors, conducted significant negotiations with the Landlord. This motion, along with related pleadings filed by the Landlord, were temporarily resolved via agreed order entered August 11, 2020 [Docket No. 66].

Communications regarding Plan of Reorganization

19. Applicant has frequently communicated with the Debtors with respect to operations, cash flow, and exit strategy, all in an effort to prepare a confirmable Chapter 11 plan. Applicant has also has been in communications with the Subchapter V Trustee weekly with respect to cash flow and operations, as well as the framework of a Chapter 11 plan.

Miscellaneous

20. Applicant, on behalf of Debtors, incurred additional fees in furtherance of these Chapter 11 cases. Applicant also filed applications to retain various professionals in these cases. Finally, Applicant guided the Debtors through various obligations of a chapter 11 debtor, such as representation at the 341 meeting, preparation of schedules and statement of financial affairs, and providing input on monthly operating reports.

Request to Apply Pre-Petition Retainer to Pre-Petition Work

21. Furthermore, as disclosed in the application to retain Applicant dated June 3, 2020 [Docket No. 7], Applicant incurred $26,796 in fees and expenses relating to preparation for Mezz5th LLC's Chapter 11 case, and $4,296 in preparation of John Barrett Inc.'s Chapter 11 case (corrected to be $3,998.25). Applicant's pre-petition retainer is large enough to pay these amounts in full. Applicant seeks authority to use its pre-petition retainer to have these fees paid in full.

**EVALUATING APPLICANT'S SERVICES**

22. Applicant submits that its request for allowance of compensation is reasonable. The services rendered by Applicant, as highlighted above, were necessary for the Debtors and were performed efficiently. Applicant believes that through its services, the Debtors will be able to file a confirmable plan shortly.

23. Bankruptcy Code section 331 provides for interim compensation of professionals and incorporates the substantive standards of Bankruptcy Code section 330 to govern the Court's award of such compensation. Bankruptcy Code section 330 provides that a court may award a professional employed under Bankruptcy Code section 327 "reasonable compensation for actual, necessary services rendered … and reimbursement for actual, necessary expenses." Bankruptcy Code section 330 also sets forth the criteria for the award of such compensation and reimbursement.

24. In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

  a. the time spent on such services;

  b. the rates charged for such services;

  c. whether the services were necessary to the administration of, or beneficial at the time at which the services was rendered towards the completion of, a case under this title;

  d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

  e. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

25. In the instant case, Applicant respectfully submits that the services for which it seeks compensation in this Application were necessary for and beneficial to the Debtors. Applicant also submits that the services rendered to the Debtors were performed economically, effectively, and efficiently and that the results obtained to date have benefited the Debtors.

7

Applicant further submits that the compensation requested herein in reasonable in light of the nature, extent and value of such services to the Debtor.

26. Applicant's attorneys and paraprofessionals spent a total of 295 hours during the Application Period, which services have a fair market value of $138,990 for Mezz57th LLC and $3,998.24 for John Barrett Inc. As demonstrated by this Application and all of the exhibits submitted in support hereof, Applicant spent its time economically and without unnecessary duplication. In addition, the work conducted was assigned to appropriate attorneys or paraprofessionals according to the experience and level of expertise required for each particular task.

27. Applicant's hourly rates and fees charged are consistent with the market rate for comparable services. The hourly rates and fees charged by Applicant are the same as those generally charged to, and paid by, Applicant's other clients. Indeed, unlike fees paid by most of Applicant's clients, due to the "holdback" of fees and delays inherent in the fee application process, the present value of the fees paid to Applicant by the Debtor is less than fees paid monthly by other clients.

28. In summary, the services rendered by Applicant were necessary and beneficial to the Debtors and were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved. Accordingly, approval of the compensation sought herein in warranted.

### **DISBURSEMENTS**

29. Applicant incurred actual and necessary out-of-pocket expenses during the Application Period, which are set forth in greater detail in Exhibit E. By this Application, Applicant respectfully requests allowance of such reimbursement in full.

30. The most significant disbursements for which Applicant seeks reimbursement include, among others: the filing fee for filing these cases ($1717 for each debtor), postage, and copies. Applicant's practice, for all of these expenses, is to charge clients for the actual cost of these expenses.

## NOTICE

31. Applicant has provided notice of this Application to all creditors.

## CONCLUSION

WHEREFORE, Applicant respectfully requests that this Court enter an order: (a) allowing Applicant compensation in an amount equal to $138,990 from Mezz57th and $3,998.25 from John Barrett Inc.; (b) awarding Applicant reimbursement of actual, necessary expenses incurred in connection with the rendition of such services in the amount of $1,938.50 from Mezz57th and $1,796.00 from John Barrett Inc.; (c) authorizing Applicant to apply its pre-petition retainer to fully pay for services performed pre-petition; (d) authorizing and directing the Debtor to pay to Applicant, to the extent not already paid, (i) 80% of fees for services rendered during the application period that were unpaid as of the date of this filing; and (ii) 100% of expenses associated with such services; and (d) such other and further relief as may be just or proper.

Dated: New York, New York
September 23, 2020

                                        BALLON STOLL BADER & NADLER, P.C.

                                        By:_____/s/ Vincent J. Roldan_____
                                              Vincent J. Roldan (VR-7450)
                                              *Attorneys for Debtors and Debtors-in-Possession*

729 Seventh Avenue – 17th Floor
New York, NY 10019
212.575-7900
Fax 212.764-5060
www.ballonstoll.com