BALLON STOLL BADER & NADLER, P.C.
729 Seventh Avenue
New York, NY 10019
Telephone: (212) 575-7900
Facsimile: (212) 764-5060
Vincent J. Roldan
vroldan@ballonstoll.com

*Attorneys for Mezz57th LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In Re:                                                                    Chapter 11

MEZZ57TH LLC et al.                                            Case No.: 20-11316

          Debtors and                                              (Jointly Administered)
          Debtors in Possession
---------------------------------------------------------X

**MOTION OF MEZZ57TH LLC FOR ENTRY OF AN ORDER
EXTENDING THE TIME TO ASSUME OR REJECT UNEXPIRED
LEASE OF NONRESIDENTIAL REAL PROPERTY**

Mezz57th LLC, debtor and debtor in possession ("Operating Debtor"), by its attorneys Ballon Stoll Bader & Nadler, P.C., as and for its Motion for Entry of an Order Extending the Time to Assume or Reject Unexpired Lease of Nonresidential Real Property under section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"), respectfully states as follows:

**Preliminary Statement**

Earlier in this case, the Operating Debtor along with John Barrett Inc. (collectively, the "Debtors") filed a motion for an extension of time to file a Chapter 11 plan under section 1189 of the Bankruptcy Code (the "1189 Motion"). The Operating Debtor's landlord, MIP Development Acquisition LLC (the "Landlord") filed an objection to the 1189 Motion, in part taking the

1

position that the Operating Debtor's lease (the "Lease")[1] had expired pursuant to section 365(d)(4) of the Bankruptcy Code. The Operating Debtor submits that all deadlines to assume or reject its Lease were extended to October 8, 2020. Out of an abundance of caution, the Operating Debtor files the instant motion for an extension of time to assume or reject its Lease to November 25, 2020, a modest 60-day extension of the deadline set forth in section 365(d)(4) of the Bankruptcy Code to coincide with the extension requested in the 1189 Motion.

## Jurisdiction and Venue

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicates for the relief requested herein are section 365(d)(4) of the Bankruptcy Code (the "Bankruptcy Code") and Rule 6006-1 of the S.D.N.Y. Local Rules of Bankruptcy Procedure (the "Local Rules").

## Background

3. On May 29, 2020 (the "Petition Date"), the Debtors each filed a voluntary petition for relief pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtors are each operating their businesses as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. On June 1, 2020, pursuant to 11 U.S.C. § 1183(a), the United States Trustee appointed Charles Persing as Subchapter V trustee for the Operating Debtor.

5. The Operating Debtor's business and facts precipitating the filing of the Debtor's Chapter 11 proceeding is set forth in the Affidavit of John Barrett Pursuant To Local Bankruptcy

---

[1] The Operating Debtor's salon is mezzanine-level space at 36 E. 57th Street in Manhattan, NY.

Rule 1007-2 (the "Barrett Affidavit") filed on June 3, 2020. Those facts are incorporated herein by reference.

**Debtor's Rent Deferral Motion**

6. On June 23, 2020, the Operating Debtor filed a motion for an order Approving Interim Relief Related To the Interim Budget and (II) Granting Related Relief (the "Rent Deferral Motion") [Docket No. 35].

7. On July 8, 2020 the Landlord filed an objection to the Rent Deferral Motion as well as a cross-motion to compel payment of post-petition obligations under 11 U.S.C. Sec. 365(d)(3) of the Bankruptcy Code [Docket No. 46].

8. The Operating Debtor and Landlord were able to agree upon short term relief with respect to the Rent Deferral Motion and the Lease. On August 11, 2020, the Court entered an order approving relief relating to the Rent Deferral Motion (the "Rent Deferral Order").

9. The Rent Deferral Order generally pushed out dates to October 8, 2020 as follows:

> i. The parties shall make reasonable best efforts to consensually resolve any disputes related to assumption of the Lease under section 365 of the Bankruptcy Code, including but not limited to the mechanic's liens against the Premises and the owner's work contribution under the Lease. If the parties have not come to an agreement as to assumption of the Lease by September 15, 2020, Landlord reserves all rights to seek any relief with respect to the Lease, including but not limited to a motion to compel assumption or rejection of the Lease, to be heard on October 8, 2020 at 2:00 PM. Rent Deferral Order para. 7 (emphasis added).
>
> ii. All motions, applications, actions, or pleadings filed in these cases seeking to lift the automatic stay or seeking to compel rejection, assumption, or assumption and assignment of any unexpired leases or executory contracts, including any such motion already filed, shall be automatically adjourned to October 8, 2020 at 2:00 PM. Rent Deferral Order para. 10 (emphasis added).

10. These provisions support that the Rent Deferral Order postpones all deadlines relating to assumption or rejection of the Lease to October 8, 2020.

11. The Operating Debtor has paid the agreed-upon post petition rent payments set forth in the Rent Deferral Order. The Operating Debtor has also made an offer to the Landlord with respect to assumption of the Lease on amended terms.

12. The Landlord and Operating Debtor consensually adjourned the dates set forth in the Rent Deferral Order to October 27, 2020 to allow the parties additional time to negotiate terms of a lease.

13. The Operating Debtor has paid the Landlord agreed-upon rent for October 1, 2020 through October 27, 2020.

## 1189 Motion

14. The Operating Debtor filed the 1189 Motion on or about August 10, 2020 [Docket No. 61].

15. The 1189 Motion was initially scheduled for hearing on September 10, 2020. The Landlord requested that the hearing with respect to the 1189 Motion be adjourned, and the parties consensually adjourned that motion to October 8, 2020.

16. The Landlord filed its objection to the 1189 Motion on October 1, 2020 [Docket No. 76].

17. The parties further consensually adjourned the hearing on the 1189 Motion to October 27, 2020.

## Discussion

18. Section 365(a) of the Bankruptcy Code provides debtors-in-possession with the power, subject to Court approval, to assume or reject executory contracts or unexpired leases. 11

U.S.C. § 365(a). Section 365(d)(4), however, authorizes a court to "extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the [debtor in possession] or lessee for cause." Id. at § 365(d)(B)(i) (emphasis added). As set forth above, although the Operating Debtor did not literally file a motion for an extension under section 365(d)(4) within 120 days of the Petition Date (September 26, 2020), such extension was contemplated and provided by the Rent Deferral Order. Indeed, the Rent Deferral Order requires that the parties use reasonable best efforts to "consensually resolve any disputes related to assumption of the Lease under section 365". Further, the Rent Deferral Order sets an October 8, 2020 hearing date a Landlord's motion to compel assumption, which suggests an extension of the Debtor's deadline under section 365(d)(4) to October 8, 2020.

19. The Rent Deferral Order allows the parties time to negotiate appropriate terms for the Operating Debtor to assume the Lease. The Operating Debtor has complied with its obligations by paying agreed upon post-petition rent, and by making a reasonable offer to the Landlord. For avoidance of doubt, the Operating Debtor seeks an extension of the deadline to assume or reject the Lease to November 25, 2020. This is a modest 60-day extension that aligns with the Debtors' extension request under section 1189 of the Bankruptcy Code.

20. The term "cause" as used in section 365(d)(4) is not defined in the Bankruptcy Code. In determining whether cause exists for an extension, courts have relied on several factors, including: (i) whether the debtor is current on post-petition rental payments; (ii) whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code; (iii) whether the leases are important assets; and (iv) whether the debtor has had sufficient time to formulate a plan of reorganization. *See, e.g., South St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996).

21. Here, the Operating Debtor submits that (i) the Landlord has been paid for post-petition rent through its draw upon the Operating Debtor's security deposit, and the Operating Debtor has paid the agreed-upon reduced rent payments in accordance with the Rent Deferral Order plus rent up to October 27, 2020 (ii) the Operating Debtor's continued occupation will not damage the Landlord beyond compensation available under the Bankruptcy Code, because the Landlord still has $390,000 as a security deposit from which to draw; (iii) the Lease is an important asset to the Operating Debtor, and (iv) the Operating Debtor has not had sufficient time to formulate a plan of reorganization and has filed a motion under section 1189 of the Bankruptcy Code for an extension. Based on the foregoing, the Operating Debtor submits there is cause to grant relief.

22. Furthermore, the relief sought herein mirrors that sought in the 1189 Motion and the standards are similar. There are circumstances for which the Operating Debtor should not justly be held accountable. Its business has been impacted by the Covid-19 pandemic, as have many other businesses. The Operating Debtor submits that it is in the best interests of all creditors to allow it a modest extension of time so that it can further negotiate with the Landlord. The relief requested would also benefit the Landlord, because the Operating Debtor is willing to continue paying reduced rent. The alternative requested by the Landlord—termination of the Lease and surrender of the underlying premises—would not be in the best interests of creditors. Indeed, the Landlord itself would suffer harm because it would not receive the reduced rent offered by the Operating Debtor, and would instead have an empty mezzanine level property it would attempt to re-let in the middle of a Covid-19 pandemic.

**WHEREFORE**, Operating Debtor respectfully requests entry of an Order granting the relief requested herein together with such other and further relief as is just and proper under the circumstances.

Dated: New York, New York
October 7, 2020

Respectfully submitted,

BALLON STOLL BADER & NADLER, P.C.

By: /s/ Vincent J. Roldan
  Vincent J. Roldan (VR 7450)
*Attorneys for Debtors*
729 Seventh Avenue – 17th Floor
New York, NY 10019
212.575-7900
Fax 212.764-5060