BALLON STOLL BADER & NADLER, P.C.
729 Seventh Avenue
New York, NY 10019
Telephone: (212) 575-7900
Facsimile: (212) 764-5060
Vincent J. Roldan
vroldan@ballonstoll.com

*Attorneys for Mezz57th LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 11 |
| MEZZ57TH LLC et al. | Case No.: 20-11316 |
| Debtors and Debtors in Possession | (Jointly Administered) |

---------------------------------------------------------X

**SECOND MOTION OF MEZZ57TH LLC FOR ENTRY OF AN ORDER EXTENDING THE TIME TO ASSUME OR REJECT UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**

Mezz57th LLC, debtor and debtor in possession ("Operating Debtor"), by its attorneys Ballon Stoll Bader & Nadler, P.C., as and for its Second Motion for Entry of an Order Extending the Time to Assume or Reject Unexpired Lease of Nonresidential Real Property under section 365(d)(4) of title 11 of the United States Code to February 23, 2021 (the "Bankruptcy Code"), respectfully states as follows:

**Jurisdiction and Venue**

1.  This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

1

2. The statutory predicates for the relief requested herein are section 365(d)(4) of the Bankruptcy Code (the "Bankruptcy Code") and Rule 6006-1 of the S.D.N.Y. Local Rules of Bankruptcy Procedure (the "Local Rules").

**Background**

3. On May 29, 2020 (the "Petition Date"), the Debtors each filed a voluntary petition for relief pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtors are each operating their businesses as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4. On June 1, 2020, pursuant to 11 U.S.C. § 1183(a), the United States Trustee appointed Charles Persing as Subchapter V trustee for the Operating Debtor.

5. The Operating Debtor's business and facts precipitating the filing of the Debtor's Chapter 11 proceeding is set forth in the Affidavit of John Barrett Pursuant To Local Bankruptcy Rule 1007-2 (the "Barrett Affidavit") filed on June 3, 2020. Those facts are incorporated herein by reference.

**Debtor's Rent Deferral Motion**

6. On June 23, 2020, the Operating Debtor filed a motion for an order Approving Interim Relief Related To the Interim Budget and (II) Granting Related Relief (the "Rent Deferral Motion") [Docket No. 35].

7. On July 8, 2020 the Landlord filed an objection to the Rent Deferral Motion as well as a cross-motion to compel payment of post-petition obligations under 11 U.S.C. Sec. 365(d)(3) of the Bankruptcy Code [Docket No. 46].

8. The Operating Debtor and Landlord were able to agree upon short term relief with respect to the Rent Deferral Motion and the Lease. On August 11, 2020, the Court entered an order approving relief relating to the Rent Deferral Motion (the "<u>Rent Deferral Order</u>").

9. The Rent Deferral Order generally pushed out dates to October 8, 2020 as follows:

    i. The parties shall make reasonable best efforts to <u>consensually resolve any disputes related to assumption of the Lease under section 365 </u>of the Bankruptcy Code, including but not limited to the mechanic's liens against the Premises and the owner's work contribution under the Lease. If the parties have not come to an agreement as to assumption of the Lease by September 15, 2020, <u>Landlord reserves all rights to seek any relief with respect to the Lease, including but not limited to a motion to compel assumption or rejection of the Lease, to be heard on October 8, 2020</u> at 2:00 PM. Rent Deferral Order para. 7 (emphasis added).

    ii. All motions, applications, actions, or pleadings filed in these cases seeking to lift the automatic stay or seeking to compel rejection, assumption, or assumption and assignment of any unexpired leases or executory contracts, including any such motion already filed, <u>shall be automatically adjourned to October 8, 2020</u> at 2:00 PM. Rent Deferral Order para. 10 (emphasis added).

10. These provisions support that the Rent Deferral Order postpones all deadlines relating to assumption or rejection of the Lease to October 8, 2020.

11. The Operating Debtor has paid the agreed-upon post petition rent payments set forth in the Rent Deferral Order. The Operating Debtor has also made an offer to the Landlord with respect to assumption of the Lease on amended terms.

12. The Landlord and Operating Debtor consensually adjourned the dates set forth in the Rent Deferral Order to October 27, 2020 to allow the parties additional time to negotiate terms of a lease.

13.     The dates in the Rent Deferral Order were further adjourned to November 30, 2020.  The Operating Debtor has continued to make agreed-upon post petition rent payment through November 30, 2020.

**Prior Requests for Relief**

14.     On October 7, 2020, the Operating Debtor filed a motion for a 60-day extension to assume or reject its lease, to November 25, 2020 [Docket No. 78] (the "First 365(d)(4) Motion").

15.     The First 364(d)(4) Motion has been adjourned November 30, 2020.

**Business Operations**

16.     At the last hearing in these cases on November 12, 2020, the Debtors reported that the Operating Debtor's business operations are still limited and negatively impacted by Covid. The operations issues at the time of filing of the First 365(d)(4) Motion have not changed, except that in late October/ November 2020, stores neighboring the Operating Debtor were boarded up to protect from possible riot/ property damage in connection with the results of the 2020 Presidential election.  The Operating Debtor reported a possible deal with its landlord but the parties were ultimately unable to reach a final resolution.  The Court adjourned all matters to November 30, 2020.

17.     Since the November 12, 2020 hearing, the Operating Debtor has continued to share cash flow information with the its landlord and the Subchapter V Trustee, has made weekly rent payments to its landlord based upon a percentage of sales, and has provided proposals with respect to expense reduction.  The Operating Debtor remains hopeful that these discussions will lead the parties towards final resolution.

## Discussion

18. By this Motion, for the reasons set forth in the First 365(d)(4) Motion and herein, the Debtors seek an additional extension of the deadline to assume or reject its real property lease, to February 23, 2021.

19. Section 365(a) of the Bankruptcy Code provides debtors-in-possession with the power, subject to Court approval, to assume or reject executory contracts or unexpired leases. 11 U.S.C. § 365(a). Section 365(d)(4), however, authorizes a court to "extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the [debtor in possession] or lessee for cause." *Id.* at § 365(d)(4)(B)(i) (emphasis added).

20. If the court grants an extension under section 365(d)(4)(B)(i), it may grant subsequent extensions only upon written consent of the lessor. 11 U.S.C. Sec. 365(d)(4)(B)(ii).

21. For the reasons set forth in the First 365(d)(4) Motion, the Operating Debtor respectfully submits there is cause for relief. At the time of the instant Motion, the Operating Debtor does not have written consent from its landlord as required by section 365(d)(4)(B)(ii). The Operating Debtor is hopeful, given its good faith discussions, the landlord will provide that consent. The requested extension to February 23, 2021 matches the Debtors' request of an extension of the deadline to file a plan, filed by separate motion.

22. The Operating Debtor submits that (i) the Landlord has been paid for post-petition rent through its draw upon the Operating Debtor's security deposit, and the Operating Debtor has paid the agreed-upon reduced rent payments in accordance with the Rent Deferral Order plus rent up to November 30, 2020 (ii) the Operating Debtor's continued occupation will not damage the Landlord beyond compensation available under the Bankruptcy Code, because the Landlord still has $390,000 as a security deposit from which to draw; (iii) the Lease is an important asset to the

Operating Debtor, and (iv) the Operating Debtor has not had sufficient time to formulate a plan of reorganization and has filed a motion under section 1189 of the Bankruptcy Code for an extension. Based on the foregoing, the Operating Debtor submits there is cause to grant relief.

**WHEREFORE**, Operating Debtor respectfully requests entry of an Order granting the relief requested herein together with such other and further relief as is just and proper under the circumstances.

Dated: New York, New York
November 27, 2020

Respectfully submitted,

BALLON STOLL BADER & NADLER, P.C.

By: /s/ Vincent J. Roldan
Vincent J. Roldan (VR 7450)
*Attorneys for Debtors*
729 Seventh Avenue – 17th Floor
New York, NY 10019
212.575-7900
Fax 212.764-5060