UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

In Re:

MEZZ57TH LLC, *et al.*,

        Debtor and
        Debtor in Possession.

---------------------------------------------------------X

Chapter 11

Case No.: 20-11316

(Jointly Administered)

## STIPULATION AND CONSENT ORDER

Stipulated this 16th day of December, 2020 by and between Mezz57th LLC (the "**Operating Debtor**"), the debtor in the captioned chapter 11 case and MIP 57th Development Acquisition LLC (the "**Landlord**").

### RECITALS

A. On May 29, 2020 (the "**Petition Date**"), the Operating Debtor commenced with this Court a voluntary case under Subchapter V of Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

B. The Operating Debtor continues to operate its business and manage its properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

C. Prior to the commencement of the bankruptcy case, on November 22, 2018, the Operating Debtor entered into an agreement (the "**Lease**") with the Landlord to lease retail space located at 432 Park Avenue a/k/a 36-46 East 57th Street, New York, New York (the "**Premises**").

D. On June 23, 2020, the Operating Debtor filed the Motion for Entry of an Order (I) Approving Relief Related to the Interim Budget and (ii) Granting Related Relief (the "**Rent Deferral Motion**") [Dkt. No. 35], which sought, *inter alia*, authority from this Court to defer all Rent to the Landlord through September 25, 2020. On July 8, 2020, Landlord filed an objection

to the Rent Deferral Motion, and a cross-motion to compel the Operating Debtor to timely perform its post-petition obligations under Bankruptcy Code § 365(d)(3) (the "**365(d)(3) Cross-Motion**") [Dkt. No. 46].

E. On August 10, 2020, the Operating Debtor filed a motion to extend its time to November 25, 2020 to file a chapter 11 plan (the "**Plan Extension Motion**") [Dkt. No. 61].

F. The Landlord and the Debtor subsequently entered into an agreement with respect to the Rent Deferral Motion, on the terms set forth in the Order of this Court entered on August 11, 2020 (the "**Rent Deferral Order**") [Dkt No. 66], whereby, *inter alia*, the Debtor agreed to make partial rent payments for the months of June, July, and August 2020, with all parties reserving all rights to the balance of the Rent. The parties further agreed to (i) attempt to negotiate a modification of the Lease in good faith, and (ii) adjourn the final hearing on the 365(d)(3) Cross-Motion to October 8, 2020 (the "**October 8th Hearing**").[1] The October 8th Hearing was subsequently adjourned to October 27, 2020.

G. On October 1, 2020, the Landlord filed an objection to the Plan Extension Motion (the "**Plan Extension Objection**") [Dkt. No. 76].

H. On October 7, 2020, the Operating Debtor filed the Motion for Entry of an Order Extending the Time to Assume or Reject Unexpired Lease of Nonresidential Real Property [Dkt. No. 78] (the "**Lease Extension Motion**"), which sought an extension of time to assume or reject the Lease through November 25, 2020.

I. On October 13, 2020, Landlord filed an objection to the Lease Extension Motion, and a cross-motion for, *inter alia*, entry of an Order compelling the Operating Debtor to surrender the Premises (the "**Surrender Cross-Motion**") [Dkt. No. 80].

---

[1] The foregoing is a summary, and is not intended to modify the terms of the Rent Deferral Order.

J. On October 20, 2020, the Operating Debtor filed an objection to the Surrender Cross-Motion [Dkt. No. 83].

K. On October 27, 2020, after a hearing, the Court adjourned all pending motions in the case to November 12, 2020, and on November 5, 2020, entered an Order extending the Operating Debtor's time to file its chapter 11 plan to the same date [Dkt. No. 87]. The Court, with the consent of the parties, subsequently adjourned all pending motions to November 30, 2020.

L. On November 27, 2020, the Operating Debtor filed a second motion to extend its time to file a chapter 11 plan to February 23, 2021 (the "**Second Plan Extension Motion**") [Dkt. No. 95].

M. Also on November 27, 2020, the Operating Debtor filed a second motion to extend the time to assume or reject the Lease through February 23, 2021 (the "**Second Lease Extension Motion**") [Dkt. No. 95].

N. The hearings on the Second Plan Extension Motion and the Second Lease Extension Motion are scheduled for January 7, 2021.

O. The hearings on the 365(d)(3) Cross-Motion, the Surrender Cross-Motion, the Plan Extension Motion, and the Lease Extension Motion have been adjourned from November 30, 2020 to December 10, 2020.

P. The Operating Debtor and Landlord have engaged in extensive, good-faith discussions about all of the issues raised in the motions pending in these cases, and accordingly have entered into this Stipulation and Order resolving the pending matters as set forth herein.

Upon the foregoing Recitals, which are incorporated herein, it is hereby stipulated and agreed by and between the parties hereto as follows:

## STIPULATION

1. For the period of October 1, 2020 through February 28, 2021, in lieu of Fixed Rent and additional rent under the Lease, the Operating Debtor shall owe Landlord interim monthly rent (the "**Interim Rent**") in the amount of 16.5% of gross sales net of merchant fees and taxes (the "**Gross Sales**").

2. Commencing on the date of this Stipulation and Order, the Interim Rent shall be paid on a weekly basis every Thursday based on the Gross Sales for the week ending on the prior Saturday (the "**Interim Rent Due Date**"). The Operating Debtor shall provide to Landlord weekly a detailed accounting of its weekly Gross Sales by no later than the Interim Rent Due Date.

3. In the event that the weekly Interim Rent payment would cause the Operating Debtor to have projected negative cash flow for the month, then the Operating Debtor shall pay on the Interim Rent Due Date its available Gross Sales that it is able to pay; provided, however, that the minimum payment on any Interim Rent Due Date shall be not less than 10% of Gross Sales, with the balance of Interim Rent (the "**Interim Rent Balance**") accruing and due to be paid on the tenth (10th) day of the following month (the "**Interim Rent Balance Due Date**").

4. Any unpaid Interim Rent Balance that is not paid by the Interim Rent Balance Due Date, as well as any unpaid Interim Rent Balance for the period of October 1, 2020 through the date of this Stipulation and Order, shall accrue as an allowed administrative expense claim against the Operating Debtor's estate under section 503(b) of the Bankruptcy Code.

5. Any payments that have already been made by the Debtor from October 1, 2020 will be credited against the Interim Rent due for October, November, or December 2020 under this Stipulation and Order.

6. Landlord agrees not to terminate the Lease in accordance with Article 16.01(a) of the Lease solely for failure to pay Fixed Rent or any additional rent under the Lease, or for any non-monetary alleged defaults under the Lease prior to the date hereof, until the earlier of (i) March 1, 2021 or (ii) the Operating Debtor's failure to make Interim Rent payments after expiration of applicable grace periods under this Stipulation and Order. The Operating Debtor agrees to abide by all other provisions of the Lease during the term of this Stipulation and Order, and Landlord reserves the right to terminate the Lease during the term of this Stipulation and Order in the event of default under Article 16.01 of the Lease (aside from Article 16.01(a) and as otherwise set forth in this Stipulation and Order) that first occurs after the date of execution of this Stipulation and Order.

7. Operating Debtor will have a seven (7) days grace period to make any payments due under this Stipulation and Order. If any payment (other than the Interim Rent Balance) is not made within seven (7) days from the date that such payment is due, the Lease shall be deemed rejected under section 365 of the Bankruptcy Code and shall immediately terminate, and the Operating Debtor consents, and shall not object, to (i) termination of the Lease without the requirement or necessity of the Landlord to serve a notice of termination, (ii) immediate surrender of the Premises, (iii) the entry of an order by the Bankruptcy Court compelling its surrender of the Premises, and (iv) the termination of the automatic stay.

8. On March 1, 2021, absent a written Stipulation and Order executed by and between Landlord and the Operating Debtor to amend and/or extend the Lease or the terms of this Stipulation and Consent Order, the Lease shall be deemed rejected under section 365 of the Bankruptcy Code and shall immediately terminate, and the Operating Debtor consents, and shall not object, to (i) termination of the Lease without the requirement or necessity of the Landlord to

serve a notice of termination, (ii) immediate surrender of the Premises, (iii) the entry of an order by the Bankruptcy Court compelling its surrender of the Premises, and (iv) the termination of the automatic stay.

9. Debtor agrees that Landlord has an allowed administrative claim for the balance of unpaid Fixed Rent (defined in the Lease) and any additional rent under the Lease, including, without limitation, any unpaid Interim Rent Balances, from the Petition Date through the date of this Stipulation and Order, under section 503(b) of the Bankruptcy Code.

10. The parties reserve all rights with respect to all other issues under the Lease not otherwise addressed by this Stipulation and Order, including but not limited to the mechanic's liens filed against the Premises and the Owner's Work Contribution (as defined in the Lease), and any and all other amounts due under the Lease.

11. Landlord hereby withdraws the Plan Extension Objection, without prejudice, and consents to the extension of the Operating Debtor to file its chapter 11 plan through and including February 28, 2021.

12. Landlord hereby withdraws the Lease Extension Objection, without prejudice, and consents to the extension of the Operating Debtor to assume or reject the Lease through and including February 28, 2021; provided, however, that in accordance with section 365(d)(4) of the Bankruptcy Code, any further extension of the Operating Debtor's time to assume or reject the Lease may only be permitted upon written consent of the Landlord.

13. Landlord hereby withdraws the 365(d)(3) Cross-Motion, without prejudice.

14. Landlord hereby withdraws the Surrender Cross-Motion, without prejudice.

15. The parties hereto agree and request that this Stipulation and Order be entered as a Consent Order by the United States Bankruptcy Court for the Southern District of New York.

We hereby consent to the form and entry
of the within Stipulation and Consent Order:

| | |
|---|---|
| GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP | BALLON STOLL BADER & NADLER, P.C. |
| Counsel for Landlord | Counsel for Operating Debtor |
| By: /s/ Jonathan L. Flaxer | By: /s/ Vincent J. Roldan |
| Dated: December 16, 2020 | Dated: December 16, 2020 |

SO ORDERED:

 /s/ Sean H. Lane 
UNITED STATES BANKRUPTCY JUDGE

Dated: December 17, 2020