UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In Re:                                              Chapter 11

    MEZZ57TH LLC                              Case No.: 20-11316
    d/b/a John Barrett

                   Debtor.

-------------------------------------------------------X

# EIGHTH INTERIM ORDER AUTHORIZING
# USE OF CASH COLLATERAL

      Upon the motion ("Motion") of Mezz57th LLC ("Operating Debtor"), an above-captioned debtor and debtor-in-possession which seeks authority to, inter alia, use cash collateral in which lenders Lawrence F. Flick IV Flick ("Flick", Saw Investment Fund LLC ("Saw") and Jeffrey Sellers ("Sellers", and collectively with Flick and Saw, the "Lenders") have asserted a security interest, pursuant to 11 U.S.C. Sections 363(c)(2) and 361 and Federal Rules of Bankruptcy Procedure 4001; and the Court having entered an order on June 16, 2020 granting the Motion on an interim basis through July 1, 2020; and the Court having entered a second interim order on July 17, 2020 granting the Motion on an interim basis through July 23, 2020; and the Court granting the Motion on the record on an interim basis through July 30, 2020, and the court having entered a third interim order on August 11, 2020 granting the Motion on an interim basis through October 8, 2020, and the court having entered a fourth interim order on October 8, 2020 granting the Motion on an interim basis through October 27, 2020, and the court granting the Motion on the record on an interim basis through November 12, 2020; and the court having entered a fifth interim order on November 25, 2020 granting the Motion on an interim basis through November 30, 2020; and the court having entered a sixth interim order on December 18, 2020 granting the Motion on an interim basis through January 7, 2021; and the

court having entered a seventh interim order on January 25, 2021 granting the Motion on an interim basis through February 23, 2021; and the court granting the Motion on the record on an interim basis through March 31, 2020; and on the consent of Flick; and an objection (the "Landlord Objection") to the Motion having been timely filed by MIP 57th Development Acquisition LLC (the "Landlord") on June 24, 2020 which has been adjourned to the Final Hearing as set forth below; and any or all other objections having been withdrawn, overruled, or resolved; and upon the record before the Court, and all of the pleadings heretofore filed in this proceeding, it is hereby found and determined as follows based on the representations made on the record by the parties at the most recent interim hearing:

      A.      On May 29, 2020 (the "Petition Date"), the Operating Debtor, along with John Barrett Inc., filed a voluntary petition for relief pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code. The Operating Debtor is operating its business as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code; and

      B.      On June 1, 2020, pursuant to 11 U.S.C. § 1183(a), the United States Trustee appointed Charles Persing as Subchapter V trustee for the Operating Debtor; and

      C.      Lenders and the Operating Debtor agree that Lenders are secured creditors of Operating Debtor with respect to certain obligations (the "Loans") which are evidenced by, without limitation: (a) that certain Security Agreement dated March 10, 2019 between the Operating Debtor and Lenders ("Security Agreement") pursuant to which the Operating Agreement granted Lenders a first lien and security interest in the Operating Debtor's inventory, accounts receivable, money, and the proceeds thereof; (b) a Promissory Note dated November 1, 2018 (the "Seller Note"), pursuant to which Operating Debtor promised to pay Seller the principal sum of $1,050,720, (c) a Promissory note dated July 15, 2019 (the "Saw Note") pursuant to which the Operating Debtor promised to pay Saw

the principal amount of $400,000; (d) a Promissory Note dated May 29, 2019 (the "Flick $500,000 Note") pursuant to which the Operating Debtor promised to pay Flick the principal amount of $500,000 plus interest and other amounts stated therein; and (e) a Promissory Note dated September 23, 2019 (the "Flick $150,0000 Note") pursuant to which the Operating Debtor promised to pay Flick the principal amount of $150,000 plus interest and other amounts stated therein (the Seller Note, Saw Note, Flick $500,000 Note, the Flick $150,000 Note and the Security Agreement collectively referenced herein as the "Loan Agreements"); and

   D. Lenders and Operating Debtor agree that any income, receipts or revenues received by Operating Debtor, constitute cash collateral of Lenders within the meaning of Section 363(a) of the Bankruptcy Code (the "Cash Collateral"); and

   E. Operating Debtor provides luxury beauty salon, spa, and related services, and Operating Debtor's use of the Cash Collateral is essential to the continued operation of its business, and the preservation of its estate; and

   F. Continued use of the Cash Collateral on an interim basis pending a final hearing is necessary to prevent immediate and irreparable harm to the Operating Debtor's estate in that without authorization to use the Cash Collateral, the Operating Debtor's ability to sustain its operations and meet its current necessary and integral business obligations will be impossible; and

   G. The value of Operating Debtor's estate will be maximized by the continuation of Operating Debtor as a going business, and the use of the Cash Collateral is essential to such operations; and

   H. Flick consents to Operating Debtor's continued interim use of Cash Collateral on the terms set forth below; and

3544843.1

I. The Landlord does not object to entry of this Order allowing the Debtor to use cash collateral on an interim basis through and including the Final Hearing (defined below). However, the Landlord Objection shall be deemed to be a continuing objection to the Motion at the Final Hearing. Landlord also reserves all rights with respect to the Motion, including the right to file a supplemental objection to the Motion prior to the Final Hearing.

NOW THEREFORE IT IS HEREBY ORDERED:

1. The Operating Debtor is authorized to use Cash Collateral on an interim basis substantially in accordance with the budget attached hereto as Exhibit A (the "<u>Budget</u>") pending the final hearing referenced below (the "<u>Interim Period</u>"), unless sooner terminated as provided herein.

2. <u>Replacement Liens</u>. In addition to any existing rights and interests of Lenders in the Cash Collateral and for the purpose of adequately protecting them from collateral diminution, Lenders are hereby granted replacement liens ("<u>Replacement Liens</u>") to the extent that said Lenders' liens in pre-petition Cash Collateral were valid, perfected and enforceable without determination herein as to the nature, extent and validity of said pre-petition liens and claims and to the extent of collateral diminution[1] occurs during the Chapter 11 case. The Replacement Liens shall be first and senior security interests and liens in favor of Lenders in all assets and properties of the Operating Debtor of any kind or nature, now existing or hereafter arising or acquired (other than causes of action under Chapter 5 of the Bankruptcy Code and any proceeds thereof) subject only to existing senior and valid and perfected liens, if any, on said property as of the Petition Date. The Replacement Liens are not currently subject to a "carve out", for purposes of this interim order, without prejudice to the

---

[1] For purposes of this Order, "collateral diminution" shall mean any diminution in value of Lenders' interest in Operating Debtor's property as of the Petition Date by reason of Operating Debtor's use of Cash Collateral in accordance with this Order.

rights of the Operating Debtor or other party in interest to seek imposition of a carve out in a final order approving the Motion.

3. In addition to the above, as further adequate protection of Lenders' security interests in Cash Collateral, the claim which arises in favor of Lenders as a result of and to the extent of any diminution in value of Lenders' Collateral, if any, as the result of the Operating Debtor's use of Cash Collateral in accordance with any order of the Court, shall have priority in payment over any and all obligations of the Operating Debtor now in existence or hereinafter incurred by the Operating Debtor and over all administrative expenses of the kind specified in or allowable under sections 503(b), or 507(b) of the Bankruptcy Code, other than the fees owed to the United States Trustee under 28 U.S.C. § 1930, and interest, if any, under 37 U.S.C. § 3717.

4. <u>Use of Cash Collateral</u>. Operating Debtor shall not use, lease, sell or expend, directly or indirectly, any Cash Collateral, except as expressly provided for in this Order.

5. During the Interim Period, Operating Debtor shall be permitted, on an interim basis, to continue to use Cash Collateral in the ordinary course of business and in accordance with the Interim Budget, subject to the terms of this Order, and subject to a 10% variance for any expenses, collections and new billings. Budgeted expenses not paid in one week may be paid in a subsequent week.

6. <u>Reporting</u>. Within twenty (20) days after the end of each calendar month, Operating Debtor shall deliver to the Lenders, their counsel, and the Subchapter V Trustee: (i) copies of all financial and operational reports filed with the Bankruptcy Court, (ii) bank statements for each of Operating Debtor DIP Accounts; and (iii) such other documentation as may be reasonably requested by the Lenders.

7. <u>Taxes</u>.  Operating Debtor shall timely pay all taxes and assessments for the post-petition period in respect of its business that are or hereafter become due and owing, the non-payment of which could result in the creation of a lien against the Lenders' Collateral or the property which is subject to Lenders' liens.  Evidence of Operating Debtor's tax payments shall be delivered to Lenders and Subchapter V Trustee, within a reasonable time after such tax payment is paid.

8. <u>Insurance</u>. Operating Debtor shall maintain all appropriate insurance, during the pendency of the case and shall provide proof of insurance to Lenders, the U.S. Trustee the Subchapter V Trustee, within three business days from the date of this Order.

9. <u>Bank Accounts</u>.  No funds generated from operations of Operating Debtor or from the use, sale or lease of any of the Lenders' Collateral shall be deposited in any bank account by Operating Debtor's except for Operating Debtor's DIP Accounts.

10. <u>Miscellaneous</u>.  The terms and provisions of this Order shall not be construed to prohibit Lenders from seeking any relief available to them under the Loan Agreements under the Bankruptcy Code, or under any other applicable law, nor shall they be deemed to be an express or implied agreement to refrain from or delay exercise of Lenders' rights to seek dismissal, lift stay or other relief during the term of this Order or otherwise, except in accordance with this Order.

11. Except as otherwise expressly provided in this Order, the terms and conditions of all the Loan Agreements shall remain in full force and effect, and the Lenders shall retain all of its respective rights and remedies thereunder, subject to the provisions of the Bankruptcy Code, or other applicable law.

12. Operating Debtor is authorized and directed to perform all acts and to make, execute and deliver any and all instruments as may be necessary to implement the terms and conditions of this Order and the transactions described herein.  The stay of section 362 of the

Bankruptcy Code is hereby modified to permit the parties to accomplish the transactions contemplated herein.

13. The provisions of this Order do not constitute, and shall not be deemed to constitute an admission by any Lender that its interests in its collateral are adequately protected. No delay or omission to exercise any right, power or remedy available to Lenders shall impair any such right, power or remedy, nor shall it be construed as a waiver of any of Lenders' rights, powers and remedies.

14. All rights of Lenders to seek additional adequate protection for Operating Debtor's use of Cash Collateral and other collateral, to file for relief from the automatic stay, to dismiss or assert any other right, cause of action or any other remedy with respect to the Operating Debtor whether in this bankruptcy case, or otherwise, are expressly reserved.

15. The provisions of this Order shall be binding upon, and inure to the benefit of the Lenders, the Operating Debtor, and their respective successors and assigns, including but not limited to, any Trustee or other fiduciary appointed as a legal representative of the Operating Debtors whether under Chapter 11 of the Bankruptcy Code or any subsequent Chapter 7 case or in connection with any other state or federal proceeding.

16. <u>Final Hearing</u>.  The Court shall conduct a final hearing ("<u>Final Hearing</u>") on the relief requested in the Motion on April 29, 2021 at 10:00 AM. Objections to the final relief requested in the Motion shall be made in writing, filed with the Bankruptcy Court at the Court's website www.nysb.uscourts.gov (log in and password required), with a copy delivered directly to the chambers of the Honorable Sean Lane, and served upon Ballon Stoll P.C., 810 Seventh Avenue, Suite 405, New York NY 10019 Attn: Vincent J. Roldan, Esq. so as to be received no later than seven (7) days prior to the Final Hearing.

Dated: April 13, 2021
New York, New York

*/s/ Sean H. Lane*
UNITED STATES BANKRUPTCY JUDGE

Mezz57th LLC
13 Week Cash Flows
For INTERNAL USE ONLY

| Week Ending | 34<br>3/6/2021 | 35<br>3/13/2021 | 36<br>3/20/2021 | 37<br>3/27/2021 | 38<br>4/3/2021 | 39<br>4/10/2021 | 40<br>4/17/2021 | 41<br>4/21/2021 | 42<br>4/28/2021 | March/April | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Beginning Balance** | **22,843** | **21,114** | **12,772** | **33,036** | **#REF!** | | | | | | |
| Cash Receipts | 95,140 | 86,241 | 89,956 | 104,786 | | 85,000 | 85,000 | 85,000 | 85,000 | 461,123 | |
| Less: Merchant Fees | (7,001) | - | - | - | (7,225) | - | - | - | - | (14,226) | |
| **Total Cash Receipts** | **88,139** | **86,241** | **89,956** | **104,786** | **77,775** | **85,000** | **85,000** | **85,000** | **85,000** | **446,897** | |
| Other Deposits | 16,115 | 4,082 | 778 | 1,456 | - | | | | | 22,431 | |
| Transfers | - | - | - | - | - | | | | | - | |
| Tenant Improvements | - | - | - | - | - | | | | | - | |
| **Total Receipts** | **104,254** | **90,323** | **90,734** | **106,243** | **77,775** | **85,000** | **85,000** | **85,000** | **85,000** | **469,329** | |
| **DISBURSEMENTS** | | | | | | | | | | | |
| Navitas Credit 1 | - | 1,629 | - | - | 1,528 | - | 1,629 | - | - | 3,157 | |
| Navitas Credit 2 | - | - | 1,497 | - | 1,476 | - | - | - | - | 2,973 | |
| Pawnee Leasing | 1,883 | - | - | - | - | 1,883 | - | - | - | 1,883 | |
| Pacific Leasing | - | 1,438 | - | - | - | 1,438 | - | - | - | 1,438 | |
| TimePayment | 573 | - | - | - | - | 573 | - | - | - | 573 | |
| **Lease Payments** | **2,456** | **3,067** | **1,497** | **-** | **3,004** | **3,894** | **1,629** | **-** | **-** | **10,024** | |
| MIP 57th Development | 8,827 | 8,470 | 5,182 | 9,418 | 10,479 | 8,000 | 8,500 | 8,500 | 8,500 | 42,376 | |
| Advanced Plumbing | - | - | - | - | 350 | - | - | - | 350 | 350 | |
| Alan Margolin | - | - | - | - | - | - | - | - | - | - | |
| MJC Electric | - | - | - | 427 | - | - | - | - | - | 427 | |
| M&L Service Maintenance | - | - | - | - | - | - | - | - | - | - | |
| Vent Away | - | - | - | - | 900 | - | - | - | - | 900 | |
| Kaback Inc | - | - | - | - | - | - | - | - | - | - | |
| Soho Contracting Corp | 2,123 | - | - | 2,123 | - | - | - | - | - | - | |
| Con Edison | - | - | - | 3,460 | - | - | 4,200 | - | - | 3,460 | |
| **Rent & Utilities** | **10,950** | **8,470** | **5,182** | **15,428** | **11,729** | **8,000** | **12,700** | **8,500** | **8,850** | **47,513** | |
| Employee Payroll | 24,958 | 62,720 | 27,023 | 64,227 | 29,000 | 65,000 | 25,000 | 65,000 | 25,000 | 207,928 | |
| John Barrett Salary | 9,000 | - | 22,300 | 6,000 | 6,000 | - | - | - | 6,000 | 43,300 | |
| Empire Employee Insurance | 35,680 | - | - | 17,500 | 17,500 | 10,000 | 10,000 | 10,000 | 10,000 | 70,680 | |
| Principal Financial Group | - | 8,654 | - | - | - | 8,200 | - | - | 8,200 | 8,654 | |
| VOYA 401k | 5,586 | - | 5,443 | - | 5,400 | - | 5,400 | - | 5,400 | 16,429 | |
| Shelterpoint DBL | - | - | - | - | 3,500 | - | - | - | - | 3,500 | |
| TransitChek | - | - | 1,367 | - | - | - | 1,400 | - | - | 1,367 | |
| Wageworks | - | - | 148 | - | - | - | - | - | - | 148 | |
| Wage Garnishments | - | - | - | - | - | - | - | - | - | - | |
| ADP Screening | - | - | - | - | - | - | - | - | - | - | |
| ADP | - | - | - | - | 1,300 | - | 1,300 | - | 700 | 1,300 | |
| **Payroll / Benefits** | **75,225** | **71,374** | **56,281** | **87,727** | **62,700** | **83,200** | **43,100** | **75,000** | **55,300** | **353,307** | |
| Ballon Stoll Bader & Nadler, P.C. | - | - | - | - | - | - | - | - | - | - | |
| Mazars LLP | 3,378 | - | - | - | - | - | - | - | - | 3,378 | |
| reservefor professin fees | - | - | - | - | - | - | - | 50,000 | - | - | |
| Bederson LLP | - | - | - | - | - | - | - | - | - | - | |
| Golden Door Services | - | - | - | - | - | - | - | - | - | - | |
| **Professional Fees** | **3,378** | **-** | **-** | **-** | **-** | **-** | **-** | **-** | **-** | **3,378** | |
| First Insurance Funding | - | - | - | - | - | 4,770 | - | - | - | - | |
| Hartford | - | 11,486 | - | - | - | 750 | - | - | - | 11,486 | |
| Otterstedt Insurance Agency | 9,894 | - | - | - | - | - | - | - | - | 9,894 | |
| Travelers | - | - | 164 | - | - | - | - | - | - | 164 | |
| Philadelphia Insurance | - | - | 5,549 | - | 5,549 | - | - | - | 5,549 | 11,098 | |
| **Business Insurance** | **9,894** | **11,486** | **5,713** | **-** | **5,549** | **5,520** | **-** | **-** | **5,549** | **32,642** | |
| BMW Financial Services | - | 699 | - | - | 699 | - | - | - | - | 1,398 | |
| McFarlane Properties | 1,000 | - | - | - | 1,000 | - | - | - | - | 2,000 | |
| Verizon Wireless | - | - | - | - | - | - | - | - | - | - | |
| **Other** | **1,000** | **699** | **-** | **-** | **1,699** | **-** | **-** | **-** | **-** | **3,398** | |
| Salon Centric | - | 3,170 | - | - | - | 4,500 | - | - | - | 3,170 | Salon Supplies |
| The Wella Corporation | - | - | - | 1,092 | - | - | - | 1,200 | - | 1,092 | Salon Supplies |
| Symbiotic | - | - | - | - | 764 | - | - | 190 | - | - | Salon Supplies |
| Pro Beauty Wholesale | - | - | - | - | 764 | - | - | - | - | 764 | Salon Supplies |
| Long Island Beauty Supplies | 1,062 | - | - | 650 | 550 | 400 | 400 | 400 | 400 | 2,262 | Salon Supplies |
| Burke Supply Systems | 498 | - | - | - | - | 650 | - | - | 350 | 498 | Salon Supplies |
| Nomi K | - | - | - | - | - | - | - | - | - | - | Salon Supplies |
| Hair U Wear | - | - | - | - | - | - | - | - | - | - | Salon Supplies |
| Monica Accessories | - | - | - | 45 | - | - | - | - | - | 45 | Salon Supplies |
| Miscellaneous Supplies | - | - | - | - | - | - | - | - | - | - | Salon Supplies |
| Rochelle Aliota | - | - | - | - | - | - | - | - | - | - | Salon Supplies |
| Great Hair | - | - | - | - | 4,150 | - | - | - | 2,500 | 4,150 | Salon Supplies |
| **Backbar Products** | **1,560** | **3,170** | **-** | **1,787** | **5,464** | | | | | **11,981** | |
| Indo Exotics | - | - | - | - | - | - | - | - | - | - | Consignment* |
| Shu Uemura | - | - | 2,886 | 1,032 | - | - | 2,500 | - | - | 3,918 | Vendor |
| Milbon | - | - | - | 1,714 | - | - | 2,500 | - | - | 1,714 | Vendor |
| Tay Jewellery Limited | - | - | - | - | - | - | - | - | - | - | Consignment* |
| Fairchild Baldwin | - | - | - | 393 | - | - | - | 900 | - | 393 | Consignment* |
| **Retail Products** | **-** | **-** | **2,886** | **3,139** | **-** | | | | | **6,025** | |
| Innovative Business Computer Solutions | - | - | - | 1,595 | - | - | - | - | 1,595 | 1,595 | Sap Salon Software |
| Tele-Verse Communications | - | - | - | 109 | - | - | 93 | - | - | 109 | Telephones |
| Quarterhorse Technology | - | - | - | 150 | 150 | - | 150 | - | 150 | 300 | IT Services |
| Republic Data | - | - | - | 600 | - | - | - | - | 900 | 600 | IT Services |
| DGA Security | - | - | - | - | 1,847 | - | - | - | - | 1,847 | Salon Security |
| Verizon | - | - | - | 949 | - | - | - | - | 1,000 | 949 | Office Phones |
| Verizon Fios | - | - | - | 1,040 | - | - | - | - | 1,200 | 1,040 | Primary Cable |
| Spectrum | - | - | - | 599 | - | - | - | - | 599 | 599 | Backup Cable |
| **Technology** | **-** | **-** | **-** | **5,042** | **1,997** | **-** | **243** | **-** | **5,444** | **7,039** | |
| FedEx/UPS/Customs | 80 | 68 | 108 | 100 | 100 | 100 | 100 | 100 | 100 | 456 | Shipping |
| Iron Mountain | - | - | - | 501 | - | - | - | 501 | - | 501 | File Storage |
| Google | - | 706 | - | - | - | 706 | - | - | - | 706 | Email |
| Sysco | 1,162 | - | - | - | 1,500 | - | - | - | 1,000 | 2,662 | Food/Coffee/PPE |
| Coin Register | - | - | - | - | 50 | - | - | - | - | 50 | Coin Exchange |
| Hugo Villavicencio | - | - | - | 435 | - | - | - | - | 435 | 435 | Storage |
| Charge it Pro | - | 13 | - | - | 15 | - | - | - | - | 28 | Merchant Fee |
| Other | - | - | 995 | - | - | - | - | - | - | 995 | |
| Royal Waste Services | - | - | 601 | - | - | - | 400 | - | - | 601 | Waste Services |
| **Office** | **1,242** | **787** | **1,704** | **1,036** | **1,665** | **806** | **500** | **601** | **1,535** | **6,434** | |
| **TOTAL OPERATING** | **103,249** | **95,986** | **71,766** | **114,159** | **90,803** | **97,526** | **56,543** | **84,101** | **76,678** | **471,716** | |
| **FINANCE** | | | | | | | | | | | |
| Taxes | - | - | - | 15,000 | 132,265 | | | | | 147,265 | Owed back Sales Tax |
| covid tax refund | | | | | | | | (183,265) | | - | |
| Interest Expense | - | - | - | - | - | | | | | - | |
| Bank Fees | 100 | 100 | 125 | - | 100 | | | | | 425 | |
| LC Fees (1%) | - | - | - | - | - | | | | | - | |
| **TOTAL FINANCE** | **100** | **100** | **125** | **15,000** | **132,365** | | | | | **147,690** | |
| **TOTAL DISBURSEMENTS** | **105,805** | **99,154** | **73,388** | **129,159** | **226,172** | | | | | **629,431** | |