BALLON STOLL BADER & NADLER, P.C.
810 Seventh Avenue, Suite 405
New York, NY 10019
Telephone: (212) 575-7900
Facsimile: (212) 764-5060
Vincent J. Roldan
vroldan@ballonstoll.com

*Attorneys for Mezz57th LLC and John Barrett Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 11 |
| MEZZ57TH LLC *et al.* | Case No.: 20-11316 |
| Debtors and Debtors in Possession | (Jointly Administered) |

---------------------------------------------------------X

**DEBTORS' FOURTH MOTION PURSUANT TO BANKRUPTCY SECTION 1189(b) FOR AN ORDER EXTENDING TIME TO FILE CHAPTER 11 PLAN**

Mezz57th LLC ("Operating Debtor") and John Barrett Inc. ("JBI", and collectively with the Operating Debtor, the "Debtors"), by their attorneys Ballon Stoll Bader & Nadler, P.C., files this Fourth Motion Pursuant To Section 1189(b) of title 11 of the United States Code (the "Bankruptcy Code") For an Order Extending Time To File a Chapter 11 Plan, to August 23, 2021 (the "Motion") and respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicate for the relief requested herein is section 1189(b) of the Bankruptcy Code (the "Bankruptcy Code").

## Background

3.       On May 29, 2020 (the "Petition Date"), the Debtors each filed a voluntary petition for relief pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtors are each operating their businesses as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

4.       On June 1, 2020, pursuant to 11 U.S.C. § 1183(a), the United States Trustee appointed Charles Persing as Subchapter V trustee for the Operating Debtor.

5.       The Operating Debtor's business and facts precipitating the filing of the Operating Debtor's Chapter 11 proceeding is set forth in the Affidavit of John Barrett Pursuant To Local Bankruptcy Rule 1007-2 (the "Barrett Affidavit") filed on June 3, 2020. Those facts are incorporated herein by reference.

## Prior Requests for Relief

6.       On August 10, 2020, the Debtors filed a motion for a ninety (90) day extension of the deadline to file a plan to November 25, 2020 [Docket No. 61] (the "First 1189 Motion").

7.       On November 27, 2020, the Debtors filed a second motion for a ninety (90) day extension of the deadline to file a plan (the "Second 1189 Motion").

8.       On January 25, 2021, the Court entered an order under section 1189(b) of the Bankruptcy Code extending the deadline for the Debtors to file a plan to February 23, 2021 [Docket No. 105].

9.       On January 29, 2021, the Debtors filed a third motion for a ninety (90) day extension of the deadline to file a plan (the "Third 1189 Motion").

10. On February 25, 2021, the Court entered an order under section 1189(b) of the Bankruptcy Code extending the deadline for the Debtors to file a plan to May 24, 2021 [Docket No. 114].

## Stipulation with Landlord

11. On December 16, 2020, the Operating Debtor and its landlord MIP 57th Development Acquisition LLC ("Landlord") entered into a Stipulation and Consent Order temporarily resolving various issues between them (the "Lease Stipulation"). The Lease Stipulation was approved by Court order on December 27, 2020 [Docket No. 101]. The Stipulation has been amended from time to time [Docket Nos. 117, 120, 124].

## Debtors' Business Operations

12. At various hearings in these cases, the Debtors reported that the Operating Debtor's business operations are still limited and negatively impacted by Covid. The operations issues referenced in the First 1189 Motion, Second 1189 Motion, and Third 1189 Motion have not changed. The attached Declaration of John Barrett dated May 14, 2021 provides a description of business operations in recent months.

13. The Operating Debtor is currently evaluating strategies to emerge from Chapter 11, primarily with respect to its lease with the Landlord. In the interim, it has made payments to the Landlord in accordance with the Lease Stipulation. The Operating Debtor remains hopeful that the parties can reach a final resolution.

## Relief Requested

14. By this Motion, for the reasons set forth in the First 1189 Motion, Second 1189 Motion, Third 1189 Motion and herein, the Debtors seek an additional ninety-day extension of the deadline to file a Chapter 11 Plan, to August 23, 2021.

15. Section 1189(b) of the Bankruptcy Code provides:

> The debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable.

16. For the reasons set forth in the First 1189 Motion, Second 1189 Motion, Third 1189 Motion and herein, as a result of the uncertainties brought about by the realities of the Covid-19 pandemic, there has been insufficient time to properly evaluate business operations, develop realistic projections, and structure a consensual plan.

17. The Operating Debtor has been working closely with creditors to maximize its chances of emerging from this case. It has successfully negotiated a reduction of post-petition rent pursuant to the Landlord Stipulation as well as interim use of cash collateral. Further, it has been providing frequent updates to the Court and parties in interest with respect to business operations via declarations filed with the Court. It has also had weekly meetings with the Subchapter V Trustee for input as to the direction of these bankruptcy cases.

18. In view of the circumstances of the filing of the Debtors' Chapter 11 cases, the Debtors have not had sufficient time to file a chapter 11 plan. The Debtors believe that their creditors will benefit from the extension requested in the Motion because additional time will allow for a better development and understanding of the Debtors' business projections going forward and allow the Operating Debtors to prepare and present a more definitive plan to the creditors.

13. The relief sought is akin to the relief sought under section 1121(d) of the Bankruptcy Code to extend a debtor's exclusive period. While there are no specific statutory guidelines as to what circumstances justify an extension, courts have appropriately granted extensions of the section 1121(d) time periods in a wide variety of circumstances. The general rule is that the court must give the debtor a reasonable opportunity to negotiate with creditors. *7*

*Collier on Bankruptcy* 1121.06 at p. 1121-7 (15th Ed. 2002). Courts have found that an extension under 1121(d) is necessary to provide such a "reasonable opportunity" in a wide range of cases where the debtor is proceeding diligently and in good faith but has simply not had sufficient time under the particular factual circumstances of the case to formulate a plan. *See, e.g., In re McLean Industries, Inc.*, 87 B.R. 830 (Bankr. S.D.N.Y. 1987).

14. As demonstrated above, the Debtors respectfully submit that they have made progress in its Chapter 11 case, despite the challenges faced by the coronavirus.

15. This is the Debtor's fourth request for an extension under section 1189(b).

**Conclusion**

19. For these foregoing reasons, the Debtors respectfully requests the Court enter an Order granting the relief requested herein. The Debtors believe that such relief is absolutely vital to their ability to reorganize.

**Notice**

20. Service of notice of this Motion will be made by mail on (i) the Office of the United States Trustee for the Southern District of New York, (ii) all parties having requested notices in the case, (iii) the Lenders, (iv) the Operating Debtor's twenty largest creditors (including the Landlord), and (v) the Subchapter V Trustee. The Operating Debtor submits that no other or further notice need be provided.

**WHEREFORE**, Operating Debtor respectfully requests entry of an Order granting the relief requested herein together with such other and further relief as is just and proper under the circumstances.

Dated: New York, New York
      May 14, 2021

                                        Respectfully submitted,

BALLON STOLL BADER & NADLER, P.C.


By: /s/ Vincent J. Roldan
      Vincent J. Roldan (VR 7450)
*Attorneys for Debtors*
810 Seventh Avenue, Suite 405
New York, NY 10019
212.575-7900
Fax 212.764-5060
www.ballonstoll.com