MANDELBAUM BARRETT P.C.
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Ph.: 973-736-4600
Fax: 973-736-4670
Vincent J. Roldan
vroldan@mblawfirm.com

Proposed substitute attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In Re:

MEZZ57TH LLC, et al.

           Debtors and
           Debtors in Possession

---------------------------------------------------------X

Chapter 11

Case No.: 20-11316

(Jointly Administered)

## APPLICATION FOR AN ORDER APPROVING THE RETENTION OF MANDELBAUM BARRETT P.C. AS BANKRUPTCY COUNSEL PURSUANT TO 11 U.S.C. § 327 NUNC PRO TUNC TO JANUARY 3, 2022

Mezz 57th LLC and John Barrett Inc. the within debtors and debtors-in-possession (the "Debtors"), as and for their Application for an Order Approving the Retention of Mandelbaum Barrett P.C. ("Mandelbaum") as counsel to the Debtors Nunc Pro Tunc to January 3, 2022 Pursuant to 11 U.S.C. § 327 (the "Application") substantially in the form of order attached hereto as Exhibit A, respectfully represents:

### INTRODUCTION AND BACKGROUND

1.     On May 29, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtors are operating their

1

business as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. No entity has requested the appointment of a trustee or examiner in these Chapter 11 cases.

3. On June 1, 2020, pursuant to 11 U.S.C. § 1183(a), the United States Trustee appointed Charles Persing as Subchapter V Trustee (the "Subchapter V Trustee").

4. A detailed description of the Debtors' businesses and facts precipitating the filing of the Debtors' Chapter 11 proceedings is set forth in the Affidavit of John Barrett Pursuant To Local Bankruptcy Rule 1007-2 (the "Barrett Affidavit") filed on June 3, 2020. Those facts are incorporated herein by reference.

5. On August 5, 2020 [Docket 58] the Court entered an order approving the retention of Ballon Stoll Bader & Nadler PC as bankruptcy counsel.

6. On June 19, 2020 [Docket 30] the Debtor filed that certain Supplemental Declaration of Vincent J. Roldan ("Supplemental Roldan Declaration") explaining that Mr. Roldan was a partner in the law firm of Ballon Stoll Bader & Nadler, P.C. ("BSBN"), located at 729 Seventh Avenue, New York, New York 10019 until June 14, 2020. On that date, Mr. Roldan switched firms to Mandelbaum Salsburg PC[1] but has acted as "of counsel" at BSBN.

7. Mr. Roldan has been the main counsel for the Debtors throughout these cases as "of counsel" at BSBN.

8. The Debtor wishes to continue using Mr. Roldan, in his capacity as partner at Mandelbaum. Contemporaneously herewith, the Debtor will be filing a notice of substitution to terminate BSBN as bankruptcy counsel and to substitute Mandelbaum as main bankruptcy counsel.

---

[1] Mandelbaum Salsburg PC changed its name to Mandelbaum Barrett PC, effective January 10, 2022.

## INTRODUCTION AND JURISDICTION

9. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

11. The statutory bases for the relief requested herein are §§ 327(a) and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## RELIEF REQUESTED

8. By this Application, the Debtors seek entry of an order authorizing the retention and employment of Mandelbaum as their attorneys in accordance with the terms and conditions set forth in the engagement letter between the Debtors and Mandelbaum dated January 6, 2022 (the "Engagement Letter"), a copy of which is attached as Exhibit B hereto and incorporated herein by reference.

9. In support of this Application, Debtors submit the declaration of Vincent J. Roldan, a partner at Mandelbaum (the "Roldan MB Declaration"), which is attached as Exhibit C hereto.

10. The Debtors have selected Mandelbaum so that they may continue working with Mr. Roldan. The Debtor believes Mandelbaum is duly qualified to represent them as a debtors-in-possession in this proceeding in an efficient and timely manner, and the services of Mandelbaum are necessary and essential to the Debtor's performance of its duties as a debtor-in possession.

## SERVICES TO BE PROVIDED

11. The Debtors wish to retain Mandelbaum as its general bankruptcy counsel in this matter, effective January 3, 2022, to perform the following legal services:

    (a) advise the Debtors of their rights, powers, and duties as a debtors-in-possession in continuing to operate and manage its business and assets;

    (b) advise and consult Debtors on the conduct of these Chapter 11 case, including all of the legal and administrative requirements of operating in Chapter 11;

    (c) attend meetings and negotiations with representatives of creditors and other parties-in-interest;

    (d) taking all necessary actions to protect and preserve Debtors' estates, including prosecuting actions on Debtors' behalf, defending any action commenced against Debtors, and representing Debtors in negotiations concerning litigation in which Debtor is involved, including objections to claims filed against Debtors' estate;

    (e) review the nature and validity of agreements relating to Debtors' business and property and advise the Debtor in connection therewith;

    (f) review the nature and validity of liens, if any, asserted against Debtors and advise as to the enforceability of such liens;

    (g) advise Debtors concerning the actions Debtors might take to collect and recover property for the benefit of its estate;

    (h) prepare on Debtors' behalf all necessary and appropriate applications, Applications, pleadings, orders, notices, petitions, schedules, and other documents, and review all financial and other reports to be filed in the Debtor's Chapter 11 case;

    (i) advise Debtors concerning, and preparing responses to, applications, Applications, pleadings, notices, and other papers which may be filed in the Debtors' Chapter 11 cases;

    (j) representing Debtors in connection with obtaining authority to continue using cash collateral and post-petition financing;

(k) appear before the Court and any appellate courts to represent the interests of Debtors' estates;

(l) advise Debtor concerning tax matters;

(m) advising Debtor in connection with any potential sale of assets;

(n) counsel Debtors in connection with formulation, negotiation and promulgation of a Chapter 11 Plan;

(o) and litigation with respect to competing plans; and

(p) perform all other legal services for and on behalf of the Debtor which may be necessary or appropriate in the administration of its Chapter 11 case.

## **PROFESSIONAL COMPENSATION**

12. Mandelbaum intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this Chapter 11 case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee Guidelines"), and any other applicable procedures and orders of the Court.

13. Mandelbaum's hourly rates are set at a level designed to compensate Mandelbaum fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions. Mandelbaum's current hourly rates are as follows:

<u>Rates</u>

Partner: $450-$715

        Of Counsel:        $325-$550
        Associate:         $225-$450
        Paralegal:         $275 (approximately)

14.    It is Mandelbaum's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Mandelbaum's policy to charge its clients only the amount actually incurred by Mandelbaum in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, outgoing facsimile transmissions, airfare, meals, and lodging. Overtime expenses for which reimbursements are sought will not include overtime expenses of non-professional or paraprofessional staff.

## COMPENSATION RECEIVED BY MANDELBAUM FROM DEBTOR

15.    As set forth in the Roldan MB Declaration, the Debtors intends to pay Mandelbaum $20,000 as a retainer from the Mezz57th estate and $2,500 from the John Barrett Inc. estate. The Debtors have been setting aside funds and will be able to make these retainer payments.

16.    The Debtor requests approval for to pay this sum as a post-petition retainer. In determining whether to allow a post-petition retainer, courts consider the following factors:

> (a) the retainer's economic impact on the debtor's ongoing business operation;
> (b) the retainer's economic impact on the debtor's ability to reorganize; (c) the amount and reasonableness of the retainer; (d) the reputation of debtor's counsel; and (e) the ability of debtor's counsel to disgorge such payments at the conclusion of the case should the Court determine that the fees paid to counsel are not justified.

In re Truong, 259 B.R. 264, 268 (Bankr. D.N.J. 2001).

17. Here, as set forth in the Roldan MB Declaration, (a) the Debtors believe there should be no impact in the Debtors' business operations; (b) for similar reasons, there is no negative impact on the debtor's ability to reorganize but it will enable the Debtor to hire Mandelbaum, which will have a positive impact on the Debtor's ability to reorganize; (c) the retainer is relatively small and is reasonable, (d) Mandelbaum has a good reputation and has considerable experience in Chapter 11 debtor representation and real estate, and (e) Mandelbaum has the wherewithal to disgorge payments at the conclusion of the case should the Court determine that the fees paid to Mandelbaum are not justified.

18. Pursuant to Bankruptcy Rule 2016(b), Mandelbaum has not shared nor agreed to share any compensation it has received or may receive from Debtors with another party or person, other than with the attorneys associated with Mandelbaum. As of the Petition Date, Debtors did not owe Mandelbaum any amounts for legal services rendered before the Petition Date.

## **MANDELBAUM IS DISINTERESTED IN THIS CHAPTER 11 CASE**

19. The Supplemental Roldan Declaration describes the relationships, if any, that Mandelbaum has with creditors of Debtor and other interested parties. As set forth in the Supplemental Roldan Declaration, Mandelbaum does not hold or represent any interest adverse to Debtor, its creditors or Debtor's estate, and is a disinterested person within the meaning of § 101(14) of the Bankruptcy Code.

20. Mandelbaum will review its files periodically during the pendency of this Chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Mandelbaum will use reasonable efforts to

identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## SUPPORTING AUTHORITY

21. The Debtor seeks to retain Mandelbaum as its attorneys pursuant to § 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

22. Bankruptcy Rule 2014(a) requires that a Application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

23. Debtors submit that for all the reasons stated above and in the Roldan MB Declaration, the retention and employment of Mandelbaum as its counsel is warranted. Further, as stated in the Supplemental Roldan Declaration, Mandelbaum is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, as required by § 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to Debtor's estate and has no connection to

Debtor, its creditors, or other parties-in-interest, except as may be disclosed in the Supplemental Roldan Declaration.

## NOTICE

24. Notice of this Application will be served by mail on (i) the Office of the United States Trustee for the Southern District of New York, (ii) all parties having requested notices in the case, (iii) the Debtor's twenty (20) largest unsecured creditors, and (iv) the Subchapter V Trustee. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

25. No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully requests that the Court enter an Order granting the Application and such other relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
      January 11, 2022

                                      Respectfully submitted,

                                      MEZZ57TH LLC
                                      JOHN BARRETT INC.

                                      By:   /s/ John Barrett
                                      John Barrett