UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
In re                                                  :    Chapter 11
                                                       :
MEZZ 57TH LLC, et. al.,                                :
                                                       :    Case No. 20-11316 (SHL)
                                                       :
                    Debtor.                            :    (Jointly Administered)
-------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S
MOTION TO CONVERT OR DISMISS THESE CHAPTER 11 CASES**

**TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), does hereby make this motion (the "Motion"), pursuant to 11 U.S.C. § 1112(b), for an order converting or dismissing the Chapter 11 cases of Mezz 57th LLC ("Mezz 57") and John Barrett Inc. ("John Barrett", and with Mezz 57, the "Debtors"). In support thereof, the United States Trustee represents and alleges as follows:

**Introduction**

Cause exists for dismissal or conversion of these jointly administered cases. First, the Debtors have failed to file post-petition sales tax returns and pay approximately $500,000 in post-petition taxes. Second, the Debtors filed for bankruptcy protection on May 29, 2022, almost two years ago. Since that date the Debtors have not confirmed a plan of reorganization. Therefore, especially in light of the Debtors' unpaid post-petition taxes, it does not appear the Debtors can, or will, successfully reorganize. Accordingly, the Court should convert or dismiss the cases. Because the Debtors' latest operating reports list over $400,00 of cash on hand, the United States Trustee submits that assets are available for a Chapter 7 trustee to administer and

therefore, conversion of the cases to chapter 7 would be in the best interest of the estates and their creditors.

## Facts

### General Background

1. On May 29, 2020, Mezz 57 filed a voluntary chapter 11 petition. Mezz 57 ECF Docket No. 1.

2. Mezz 57 operates a salon located at 36 E 57th Street in New York City. Affidavit of John Barrett Pursuant to Local Rule 1007-2. Mezz 57 ECF Docket No. 5 at ¶ 1.

3. On May 29, 2020, John Barrett also filed a voluntary chapter 11 petition. John Barrett ECF Docket No. 1.

4. John Barrett operated a Salon at Bergdorf Goodman, but the salon no longer operates. Id. at ¶ 18.

5. The Debtors both elected in their petitions to proceed under Subchapter v of Chapter 11. Mezz 57 ECF Docket No. 1; John Barrett ECF Docket No. 2.

6. On June 1, 2020, Charles Persing was appointed as Subchapter v trustee in both the Mezz 57 and John Barrett cases. Mezz 57 ECF Docket No. 3; John Barrett ECF Docket No. 3.

7. On June 16, 2020, the Court entered an order for the joint administration of the two cases. Mezz 57 ECF Docket No. 24; John Barrett ECF Docket No. 20.

### The Debtors Have Not Confirmed A Plan in Almost Two Years

8. On February 18, 2022, the Debtors filed a small business subchapter v plan of

reorganization (the "Plan").[1]  Mezz 57 ECF Docket at No. 173.

9. As of the date hereof, the Debtors have not scheduled a hearing to confirm the Plan.  Accordingly, the Debtors cases have been pending for almost two years without confirming a plan of reorganization.  See Declaration (the "Declaration") of Paul Schwartzberg attached hereto as Exhibit 1.

Operating Reports Demonstrate the Debtors Have
Not Filed Tax Returns or Paid Post Petition Taxes

10. On March 21, 2022, the Debtors filed their operating reports for the month of February 2022.  Mezz 57 ECF Docket Nos. 179 and 180.

*Mezz 57 Operating Report*

11. According to the Mezz 57 operating report, Mezz 57 has $314,001.94 of cash on hand.  Mezz 57 ECF Docket No. 179 at 2.

12. The Mezz 57 operating report also indicates that Mezz 57 has not filed its tax returns or paid all its taxes.  Id. at 1.

13. More specifically, the operating report provides that Mezz 57 owes $432,224.26 in post-petition sales taxes, id. at 32, and $67,567.08 in post-petition New York Commercial Rent taxes.  Id. at 31.

14. In fact, counsel for NY State's Department of Taxation and Finance advised the United States Trustee that Mezz 57 has not filed any post-petition sales tax returns or paid any post-petition sales taxes.  See Declaration.

---

[1] According to the Plan, Mezz 57 "believes that as of the Effective Date, there will be $428,945 in unpaid post-petition sales taxes (including 10% interest). The Operating Debtor shall pay the New York State tax authority $100,000 on the Effective Date, and will pay the balance of post-petition taxes in twenty (20) equal quarterly payments with 10% interest."  Plan at 6.  The Plan does not indicate if this is acceptable to the New York State tax authority.

*John Barrett Operating Report*

15. According to the John Barrett operating report, although there is no activity listed, John Barrett has $99,593.63 of cash on hand. Mezz 57 ECF Docket No. 180 at 2.

16. The John Barrett operating report also provides that John Barrett has not filed its tax returns or paid all its taxes. Id. at 1.

## **Argument**

A. Cause Exists to Convert or Dismiss this Case

Section 1112(b) of the Bankruptcy Code describes a variety of factors which may constitute "cause" for the conversion of a Chapter 11 case to a Chapter 7 case or dismissal of a case. See 11 U.S.C. § 1112(b). Under this provision, the court may find cause in the following circumstances, among others:

> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief; and

> (J) failure . . . . to file or confirm a plan, within the time frame fixed by this title or by order of the court.

See 11 U.S.C. § 1112(b)(4)(I) & (J).

Section 1112(b) requires a court to convert or dismiss a case if the movant establishes "cause." 11 U.S.C. § 1112(b)(1). As set forth above, the United States Trustee has demonstrated cause under § 1112(b)(4)(I) & (J).

B. Failure to File Tax Returns and Pay Post-Petition Taxes

As set forth above, the Debtors have not filed post-petition sales tax returns or paid post-petition sales (and commercial rent) taxes. See Declaration. Accordingly, cause exists to convert or dismiss this case. See 11 U.S.C. § 1112(b)(4)(I), see also In re Franco, 2012 WL

4

3071242 * 5 (Bankr. D. Puerto Rico 2012)(cause to convert or dismiss under 1112(b)(4)(I) exits where operating reports show debtor is not paying post-petition taxes).

C. The Debtor Has Not Confirmed a Plan in Almost Two Years

Although this case has been pending for almost two years, the Debtor's has not been able to confirm a plan of reorganization. See Declaration. Accordingly, it appears that the Debtor cannot confirm a plan. Failure to timely confirm a plan constitutes cause for conversion or dismissal. See 11 U.S.C. § 1112(b)(4)(J), see also, BH S&B Holdings, LLC, 2010 WL 4644440 * 7 (Bankr. S.D.N.Y. 2010)(cause for conversion found where the debtors's exclusive period expired after several extensions were granted and no plan had been filed); In re Tornheim, 181 B.R. 161, 164-65 (Bankr. S.D.N.Y. 1995) (where debtors' case was not complex, conversion or dismissal was required because debtors' failure to file a plan showed both unreasonable, prejudicial delay and inability to effectuate a plan); In re HiToc Development Corp., 159 B.R. 691. 693 (Bankr. S.D.N.Y. 1993); In re Canion, 129 B.R. 465, 470 (Bankr. S.D. Tex. 1989).

D. This Case Should be Dismissed

If the Court finds there is "cause" under § 1112(b), the Court must then decide whether it is in the best interests of creditors to dismiss the case, or to convert it to a Chapter 7 case. In re Hampton Hotel Investors, L.P., 270 B.R. 346, 359 (Bankr. S.D.N.Y. 2001). Because the Debtor has over $400,000 of cash on hand for a trustee to administer, the United States Trustee submits that conversion of these cases to Chapter 7 is in the best interest of the estates and the Debtors' creditors.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order converting or dismissing these Chapter 11 cases and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
       March 23, 2022

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Paul K. Schwartzberg*
Paul Schwartzberg
Trial Attorney
Office of the United States Trustee
201 Varick Street, Room 1006
New York, NY 10014
(212) 510 0500