MANDELBAUM BARRETT P.C.
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Ph.: 973-736-4600
Fax: 973-736-4670
Vincent J. Roldan
vroldan@mblawfirm.com

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

In Re:

MEZZ57TH LLC, et al.

        Debtors and
        Debtors in Possession

------------------------------------------------------X

Chapter 11

Case No.: 20-11316

(Jointly Administered)

## APPLICATION FOR AUTHORITY TO EMPLOY
## LIFE SETTLEMENT BROKER FOR JOHN BARRETT INC.

John Barrett Inc. ("JBI"), as and for its Application For Authority to Employ Valmark Securities Inc. ("Valmark") as Life Settlement Broker, respectfully represents:

### INTRODUCTION AND BACKGROUND

1. On May 29, 2020 (the "Petition Date"), JBI and Mezz57th LLC (collectively, the "Debtors") filed voluntary petitions for relief pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtors are operating their business as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. On March 23, 2022, the United States Trustee has filed a motion to convert these cases. That motion is on for hearing on May 17, 2022.

1

3. On June 1, 2020, pursuant to 11 U.S.C. § 1183(a), the United States Trustee appointed Charles Persing as Subchapter V Trustee (the "Subchapter V Trustee").

4. A detailed description of the Debtors' businesses and facts precipitating the filing of the Debtors' Chapter 11 proceedings is set forth in the Affidavit of John Barrett Pursuant To Local Bankruptcy Rule 1007-2 (the "Barrett Affidavit") filed on June 3, 2020. Those facts are incorporated herein by reference.

## JURISDICTION

5. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 1334 and 157(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The statutory bases for the relief requested herein are §§ 327(a) and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## KEY MAN LIFE INSURANCE POLICY

8. JBI is the owner of a "key man" life insurance policy with Principal Life Insurance Policy (the "Policy"). A copy of the Policy is attached hereto as Exhibit A. The Policy is a $10 million term policy that can be converted to permanent, thereby making the Policy saleable on the open market. John Barrett (the individual) is the beneficiary.

## RELIEF REQUESTED

8. By this Application, JBI seeks entry of an order authorizing it to retain Valmark to market and sell the Policy. As set forth on its website, https://www.valmarkfg.com/site/, Valmark

is a life settlement brokerage that offers one of the industry's most efficient and compliant outlets for selling life insurance policies. Valmark's "Life Settlements Advocacy" program has created an additional $110 million of value for clients. JBI seeks to employ Valmark based on its experience evaluating and selling life insurance policies.

9. The terms of the proposed employment are set forth in the Life Settlement Application and Agreement ("LSAA") attached hereto as Exhibit B.

10. The compensation will be in the form of a commission which is the *lesser* of the following:[1]

    a. 5% of face amount of policy[2]
    b. 30% of the gross offer for the policy sold
    c. 1/3 of the amount the gross offer exceeds the policy cash surrender value on the date of sale

11. Valmark intends to retain Mike Dranoff at New Jersey Life and Casualty Associates, LLC as its representative ("Representative"). For avoidance of doubt, the Representative's fees would be paid by Valmark, not the Debtors.

12. Given its commission/success fee structure, Valmark will not be billing by the hour, and will not be keeping records of time spent for professional services rendered in these cases.

13. Furthermore, given the transactional nature of Valmark's services and fee structure, the Debtors request that Valmark be relieved of the obligation to file a fee application in connection with its sale commission, and shall instead be permitted to receive its commission upon

---

[1] Valmark is also entitled to a commission – payable directly by Principal rather than the Debtors or the estates, and having no effect on the net sale proceeds of the Policy payable to the estates – upon the conversion of the Policy by Valmark from a term policy to a permanent policy. This conversion is necessary to effectuate a sale of the Policy to a third-party.

[2] Valmark voluntarily reduces the fee set forth in paragraph 5a of Section 10 of the LSAA, to be "Five percent (5%) of the face amount of the policy sold." The fee is still the lesser of 5a, 5b, or 5c.

Bankruptcy Court approval of a sale transaction involving the Policy, directly from the sale proceeds at closing.

14. JBI attaches a declaration of Valmark's disinterestedness, and lack of an adverse interest to the estates, hereto as Exhibit C, and further attaches a declaration of Representative's disinterestedness, and lack of an adverse interest to the estates, as Exhibit D.

## SUPPORTING AUTHORITY

15. JBI seeks to retain Valmark as its broker pursuant to § 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

16. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

17. JBI submits that for all the reasons stated above, the retention and employment of Valmark as life settlement brokers is warranted. Further, Exhibit C and D demonstrate Valmark and Representative are "disinterested persons" within the meaning of § 101(14) of the Bankruptcy Code, as required by § 327(a) of the Bankruptcy Code, and does not hold or represent an interest

4

adverse to the Debtors' estates and has no connection to Debtors, its creditors, or other parties-in-interest.

**NOTICE**

18. Notice of this Application will be served by mail on (i) the Office of the United States Trustee for the Southern District of New York, (ii) all parties having requested notices in the case, (iii) the Debtor's twenty (20) largest unsecured creditors, and (iv) the Subchapter V Trustee. The Debtors submit that no other or further notice need be provided.

**NO PRIOR REQUEST**

19. No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, the JBI respectfully requests that the Court enter an Order granting the Application and such other relief as the Court deems just and proper under the circumstances.

Dated: Roseland, New Jersey
April 8, 2022

                              MANDELBAUM BARRETT PC

                              By:       /s/ Vincent J. Roldan
                                  Vincent J. Roldan (VR-7450)
                              *Attorneys for*
                              *Debtors and Debtors-in-Possession*
                              3 Becker Farm Road
                              Roseland, NJ 07068
                              973-974-9815
                              vroldan@mblawfirm.com