MANDELBAUM BARRETT PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Ph.: 973-736-4600
Fax: 973-736-4670
Vincent J. Roldan
vroldan@mblawfirm.com

Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In Re:

MEZZ57TH LLC, et al.

                Debtors and
                Debtors in Possession

-------------------------------------------------------X

Chapter 11

Case No.: 20-11316

(Jointly Administered)

## DECLARATION OF JOHN BARRETT IN SUPPORT OF PLAN

I, John Barrett, declare, certify, verify and/or state under penalty of perjury of the laws of the United States of America, pursuant to 28 U.S.C. §1746, as follows:

1. I am the managing member of Mezz57th LLC d/b/a John Barrett (the "Operating Debtor"), which operates the John Barrett salon located at 36 E 57th Street (the "Salon"), and the sole shareholder and President of John Barrett Inc. ("JBI", and collectively with the Operating Debtor, the "Debtors"). I am familiar with the facts and circumstances as recited herein.

2. I submit this declaration (the "Declaration") in support of confirmation of the Second Amended Chapter 11 Plan of Reorganization For Small Business, dated July 26, 2022 (the "Plan") [Dkt. No. 226] (and as may be further amended, modified or supplemented from

1

4891-3252-3050, v. 1

time to time, the "Plan").[1] I have reviewed the terms and provisions of the Plan and am familiar with the information contained therein. Except as otherwise indicated herein, all facts set forth in this Declaration are based on my personal knowledge and belief, review of relevant documents, inquiries made to others or opinion based upon experience and knowledge of the Debtors' business affairs and financial condition, and legal advice provided by my professionals. If called upon to testify, I could and would testify competently to the facts set forth herein.

3. On May 29, 2020 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. On June 1, 2020, the Office of the United States Trustee appointed Charles N. Persing, CPA as Subchapter V trustee my Subchapter V case (the "Trustee").

4. By Order entered May 31, 2022 [ECF Doc. #210] (the "Scheduling Order"), this Court entered an order scheduling the time, date and place of the hearing on confirmation of the Plan (the "Confirmation Hearing") and approving the form of ballots.

5. On June 1, 2022, the Debtors' counsel, Mandelbaum Barrett PC, timely served a copy of the Plan, ballots, and related documents on all creditors, the Trustee, and the Office of the United States Trustee. The Debtors filed a certificate of service with this Court on June 2, 2022 [ECF Doc. #215].

6. Classes 1(a), 1(b), 1(c), 2(a), (b), 3(a), and 3(b) are the classes of creditors designated as impaired under the Plan. These classes are therefore entitled to vote to accept or reject the Plan.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Plan.

4891-3252-3050, v. 1

7. As described in the Ballot Certification, the Plan has been accepted by creditors holding more than two-thirds in amount and more than one-half in number of claims in Class 1a, 1c, and 3a.

**The Plan Satisfies Sections 1129 and 1191 of the Bankruptcy Code**

8. On the basis of my understanding of the Plan, the Bankruptcy Code, and the events that have occurred before and during this case, I believe that the Plan fully complies with all of the applicable provisions of sections 1129 and 1191 of the Bankruptcy Code for confirmation of a chapter 11 plan of reorganization under Subchapter V of the Bankruptcy Code. To that end, this Declaration addresses, in more detail, those elements of section 1129, section 1191, and related sections of the Bankruptcy Code.

9. 11 U.S.C. § 1129(a)(1). Based on my review of the Plan and all related materials, and based on my discussions with my counsel, I believe that the Plan complies with all applicable provisions of the Bankruptcy Code, including, without limitation, sections 1122 and 1123 of the Bankruptcy Code.

10. (a) 11 U.S.C. §§ 1122 and 1123(a)(1)-(4). Article II of the Plan sets forth the classification of Claims. I believe that all Claims within each particular Class are substantially similar in nature. Valid business and legal reasons exist for the various Classes of Claims created under the Plan, and such classification does not unfairly discriminate among holders of Claims. Pursuant to section 1123(a)(3) of the Bankruptcy Code, the Plan specifies in Article II that Claims in Classes 1(a), 1(b), 1(c), 2(a), (b), 3(a), and 3(b) are impaired under the Plan. Pursuant to section 1123(a)(4) of the Bankruptcy Code, the Plan provides for the same treatment for Claims in each respective Class unless the holder of a particular Claim has agreed to a less

favorable treatment of such Claim. Accordingly, I believe that the Plan complies with sections 1122 and 1123(a)(1)-(4) of the Bankruptcy Code.

11. <u>11 U.S.C. § 1123(a)(5)</u>. Articles VII of the Plan provides adequate and proper means for implementation of the Plan.

12. I believe that future operations of the Operating Debtor and the sale of JBI's life insurance policy will be sufficient in amount to pay administrative creditors, unclassified claims, and creditors in accordance with the Plan. Accordingly, I believe that the Plan complies with section 1123(a)(5) of the Bankruptcy Code.

13. <u>11 U.S.C. § 1123(a)(6)</u>. No non-voting equity securities will be issued pursuant to the Plan or at any time in the future with respect to me. Accordingly, I believe that the Plan satisfies the requirement of section 1123(a)(6) of the Bankruptcy Code.

14. <u>11 U.S.C. § 1123(a)(7)</u>. On the Effective Date, the management, control, and operations of the Debtors' business shall continue to be my sole responsibility. Therefore, I believe the Plan satisfies the requirements of section 1123(a)(7) of the Bankruptcy Code.

15. <u>11 U.S.C. §§ 1123(b)(1)-(2)</u>. In accordance with section 1123(b)(1) of the Bankruptcy Code, Article II of the Plan impairs Classes 1(a), 1(b), 1(c), 2(a), (b), 3(a), and 3(b). In accordance with section 1123(b)(2) of the Bankruptcy Code, Article IV of the Plan provides that each executory contract or unexpired lease of the Debtors that has not previously been rejected, shall be deemed to be assumed. The Plan provides for the assumption of the Operating Debtor's lease with its landlord on amended terms set forth in the amended lease attached to the Plan. Therefore, I believe that the Plan is consistent with sections 1123(b)(1)-(2) of the Bankruptcy Code.

16. <u>11 U.S.C. § 1123(b)(3)</u>. The Plan, section 7.02, provides that the Debtors retain causes of action. Therefore, I believe that the Plan is consistent with section 1123(b)(3) of the Bankruptcy Code.

17. <u>11 U.S.C. § 1123(b)(5)</u>. Article IV of the Plan modifies or leaves unaffected, as the case may be, the rights of Holders of Claims within Class. Therefore, I believe that the Plan is consistent with section 1123(b)(5) of the Bankruptcy Code.

18. <u>11 U.S.C. § 1123(b)(6)</u>. The Plan includes additional provisions that I believe are not inconsistent with the applicable provisions of the Bankruptcy Code. Therefore, I believe that the Plan is consistent with section 1123(b)(6) of the Bankruptcy Code.

19. <u>11 U.S.C. § 1123(d)</u>. Since the Operating Debtor's commercial lease is being assumed as modified by the Plan, I believe that the Plan complies with section 1123(d) of the Bankruptcy Code.

20. <u>11 U.S.C. § 1129(a)(2)</u>. Based on my review of the Plan and my discussions with my counsel, I believe that I have complied with all applicable provisions of the Bankruptcy Code, including sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018 required in a Subchapter V case. Therefore, I believe that the Plan complies with section 1129(a)(2) of the Bankruptcy Code.

21. <u>11 U.S.C. § 1129(a)(3)</u>. To the best of my knowledge, the Plan has been proposed in good faith and not by any means forbidden by law. All Cash necessary for the Debtors to make payments pursuant to the Plan shall be obtained from operations and the sale of JBI's life insurance policy. Therefore, I believe that the Plan was proposed with the legitimate and honest purpose of providing the greatest possible distribution to the Debtors' creditors. Additionally, I believe the Plan has been proposed in compliance with all applicable laws, rules, and regulations.

4891-3252-3050, v. 1

I further believe, that the Plan has been conceived and proposed with the "honest purpose" and "reasonable hopes of success" by which "good faith" under section 1129(a)(3) of the Bankruptcy Code is measured. Therefore, I believe the Plan complies with section 1129(a)(3) of the Bankruptcy Code.

22. 11 U.S.C. § 1129(a)(4). Any payments made or promised by the Debtors, or a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, this case, or in connection with the Plan and incident to this Case, have been approved by, or are subject to approval of, the Court as reasonable. Therefore, I believe that the Plan satisfies section 1129(a)(4) of the Bankruptcy Code.

23. 11 U.S.C. § 1129(a)(5). Since this case is not an individual bankruptcy case, section 1129(a)(5) of the Bankruptcy Code is irrelevant.

24. 11 U.S.C. § 1129(a)(6). No governmental regulatory commission will have jurisdiction over either of the DEbtors after confirmation of the Plan. Therefore, I believe the provisions of section 1129(a)(6) of the Bankruptcy Code are not applicable to the Plan and, consequently, should be deemed satisfied.

25. 11 U.S.C. § 1129(a)(7). To the best of my knowledge, information, and belief, all creditors will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if my assets were liquidated under chapter 7 on such date. I therefore believe that the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

26. 11 U.S.C. §§ 1129(a)(8). There are four (4) unimpaired classes of claims under the Plan. There are seven (7) impaired classes of claims, and classes 1(a), 1(c), and 3(a) have voted to accept the Plan. The Debtors received no votes or objections from creditors in Class

1(b), 2(a), 2(b), or 3(b), and therefore submit that these classes have accepted the Plan by inaction. Therefore, I believe the Plan satisfies section 1129(a)(8) of the Bankruptcy Code. Nevertheless, even if any class had voted to reject the Plan, the Plan could still be confirmed under section 1191 of the Bankruptcy Code.

27. 11 U.S.C. § 1129(a)(9). To the best of my knowledge, information, and belief, and except to the extent that the Holder of a particular Allowed Claim has agreed to a different treatment of such Claim, the Plan provides that Administrative Claims, and Priority Tax Claims will be treated in accordance with section 1129(a)(9) of the Bankruptcy Code. Therefore, I believe that section 1129(a)(9) of the Bankruptcy Code should be deemed satisfied.

28. 11 U.S.C. § 1129(a)(10). To the best of my knowledge, information, and belief, Class 1(a), 1(c), and 3(a), the impaired classes of creditors, voted to accept the Plan. Therefore, I believe that section 1129(a)(10) of the Bankruptcy Code should be deemed satisfied. Nevertheless, even if any class had voted to reject the Plan, the Plan could still be confirmed under section 1191 of the Bankruptcy Code

29. 11 U.S.C. § 1129(a)(11). The Plan contemplates paying creditors from business operations, existing case, from the proceeds of the sale of JBI's life insurance policy, and a tax refund expected by the Operating Debtor. A budget with projections is annexed to the Plan as Exhibit A. The budget demonstrates that the Debtors will be able to meet its operating expenses going forward, and make the required payments under the Plan. Therefore, I believe the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

30. 11 U.S.C. § 1129(a)(12). Any fees payable under section 1930 of title 28 of the United States Code have either been paid or I believe will be paid under the Plan. Therefore, I believe that the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

31. <u>11 U.S.C. § 1129(a)(13)</u>. It is my understanding that the Debtor is not obligated to pay retiree benefits (as defined in section 1114(a) of the Bankruptcy Code) and thus my Plan complies with section 1129(a)(13) of the Bankruptcy Code.

32. <u>11 U.S.C. § 1129(a)(14)</u>. The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. Therefore, I believe that the Plan satisfies section 1129(a)(14) of the Bankruptcy Code.

33. <u>11 U.S.C. § 1129(a)(15)</u>. No holder of an allowed unsecured claim has objected to confirmation of the Plan. Therefore, I believe that the Plan satisfies section 1129(a)(15) of the Bankruptcy Code. Nevertheless, even a holder of an allowed unsecured claim had objected to confirmation of the Plan, the Plan could still be confirmed under section 1191 of the Bankruptcy Code.

34. <u>11 U.S.C. § 1129(c)</u>. There is only one plan being confirmed in this Case. Thus, I believe the Plan satisfies section 1129(c) of the Bankruptcy Code.

35. <u>11 U.S.C. § 1129(d)</u>. The primary purpose of the Plan is not avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act of 1933, and there has been no objection filed by any governmental unit asserting such avoidance. Accordingly, I believe the Plan complies with section 1129(d) of the Bankruptcy Code.

36. <u>11 U.S.C. § 1191(a)</u>. With respect to any claim that has technically not submitted a vote to accept the Plan, I believe that the Plan does not discriminate unfairly against that class, and is fair and equitable with respect to that class.

37. With respect to secured creditors (Class 1(b)), the Plan provides that its lien is retained, and it receives deferred cash payments totaling the allowed amount of such claim, of a value of such holder's interest in the estate's interest in such property.

38. I believe there are no creditors in Class 2(a) or 2(b).

39. With respect to unsecured creditors (Class 3(b), the Plan provides that the proceeds from the sale of JBI's insurance policy will be used to pay all Class 3(b) creditors in full. Alternatively, the Plan provides that Class 3(b) creditors receive a pro rata distribution from available cash for five consecutive years.

40. I believe that the Debtors will make all payments under the Plan, or there is a reasonable likelihood the Debtors will make all payments under the Plan. The Plan provides that JBI may sell additional portions of its insurance policy, if necessary, to fund any shortfall (Article VII).

41. I believe that the Plan will enable creditors to realize the highest possible recoveries under the circumstances. I therefore believe that confirmation of the Plan is in the best interests of all creditors.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: New York, New York
July  22 , 2022

_____
JOHN BARRETT