```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In Re:                                                      Chapter 11

MEZZ57TH LLC, et al.                                        Case No.: 20-11316

                    Debtors                                 (Jointly administered)
            and Debtors in Possession
--------------------------------------------------------X
```

# ORDER CONFIRMING
# CONSENSUAL SECOND AMENDED PLAN OF REORGANIZATION
# FOR SMALL BUSINESS UNDER SUBCHAPTER V OF CHAPTER 11

Mezz57th LLC ("Operating Debtor") and John Barrett, Inc. ("JBI", and collectively with the Operating Debtor, the "Debtors"), the Chapter 11 Debtors, having filed its Second Amended Plan of Reorganization For Small Business on July 26, 2022 [ECF Docket No. 226] (the "Plan") under Subchapter V of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and the Court having entered an Order Fixing Time For Voting To Accept or Reject Combined With Notice Thereof on May 31, 2022 [ECF Docket No. 210] (the "Scheduling Order"); and a copy of the Plan and Scheduling Order having been transmitted to all known holders of Claims and Interest in accordance with the Scheduling Order; and the Debtors having filed the Amended Certification of Ballots on July 6, 2022 [ECF Docket No. 222]; and there being no opposition to the confirmation of the Plan; and a hearing to consider confirmation of the Plan having been held on July 28, 2022 (the "Hearing"); and upon the record of the Hearing and the entire record of this case; and upon all the proceedings heretofore had herein and after due deliberation and sufficient cause appearing therefor,

1

1

4884-6883-9978, v. 3

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. As shown by the Certificate of Service dated June 2, 2022 [ECF Docket No. 215], due, adequate and sufficient notice of the Plan and of the hearing to consider confirmation of the Plan, along with all deadlines for voting on, or objecting to, the Plan was given to all known holders of Claims and Interests, all parties that requested notice in accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Subchapter V Trustee and the Office of the United States Trustee in compliance with Bankruptcy Rules 2002(b), 3017 and 3020(b), and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing, and other bar dates and hearings were given in compliance with the Bankruptcy Rules and no other or further notice is or shall be required.

B. All procedures used to distribute solicitation materials to the applicable holders of Claims and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the Bankruptcy Court for the Southern District of New York (the "Local Rules"), and all other applicable rules, laws and regulations.

C. The solicitation of acceptances or rejections of the Plan was (i) in compliance with all applicable laws, rules and regulations governing the adequacy of disclosure in connection with such solicitation; and (ii) solicited after disclosure to holders of Claims or Interests of "adequate information" as defined in section 1190(a) of the Bankruptcy Code. Accordingly, the Debtors and their agents, affiliates and Professionals, as applicable, have acted in "good faith" within the meaning of section 1191 of the Bankruptcy Code.

D. Pursuant to the Amended Certification of Ballots dated July 6, 2022 [ECF Docket No. 222], the Plan has been accepted in writing pursuant to Section 1126(c) of the Bankruptcy Code whose acceptance is required by law.

E. The Debtors are eligible to be debtors under section 109 and 51(D) of the Bankruptcy Code, and are proper proponents of the Plan under section 1189(a) of the Bankruptcy Code.

F. The Plan complies with the applicable provisions of the Bankruptcy Code as required by section 1191 of the Bankruptcy Code, including, without limitation, sections 1122, 1123, and 1126 and Bankruptcy Rules 3017, 3018 and 3019.

G. The Plan has been proposed in good faith and not by any means forbidden by law.

H. It having been determined after hearing on notice that the requirements for confirmation set forth in 11 U.S.C. § 1129(a), 11 U.S.C. § 1129(b), 1191(a), and 1191(b) have been satisfied.

I. Each Class of Claims contains only Claims that are substantially similar to the other Claims within that Class and the Plan provides the same treatment for each Claim within a particular Class.

J. The Plan provides adequate and proper means for its implementation.

K. The provisions of the Plan are in the best interests of creditors.

L. The Plan is feasible.

M. The liquidation analysis attached to the Plan and the other evidence related thereto is reasonable and has not been controverted by other evidence, and the methodology used and assumptions made in such liquidation analysis are reasonable.

N. The treatment of Administrative Claims and Priority Claims under the Plan satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.

O. The Debtors have demonstrated that there is a reasonable prospect that they can consummate the transactions contemplated by the Plan.

P. The Plan does not discriminate unfairly, and is fair and equitable.

Q. No creditor filed opposition to the Plan

R. The principal purpose of the Plan is not the avoidance of taxes, the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e) or the avoidance of liability under Title IV of the Employment Retirement Income Security Act of 1974 (29 U.S.C. §§ 1301-1461 (2000 & Supp. I 2001)) ("ERISA").

S. This Court has jurisdiction over the subject matter of this proceeding and the parties and are properly affected hereby pursuant to 11 U.S.C. §§1334 and 157(a) and (b). This is a core matter pursuant to 28 U.S.C. §157(b)(2)(A), (L) and (O) such that this Court may decide by a final order.

T. The Debtors are entitled to a discharge upon the entry of this Order.

**BASED UPON THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The findings of this Court set forth above, together with all other bench findings, findings of fact and conclusions of law made by this Court during the Hearing to consider confirmation of the Plan, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014.

2. The Plan is confirmed pursuant to sections 1129(a) and 1191(a) of the Bankruptcy Code and the Subchapter V Trustee's services shall terminate pursuant to §1183(c), upon substantial compliance.

3. <u>Notice of Confirmation Order and Plan Effective Date</u>. In accordance with Bankruptcy Rules 2002 and 3020(c), no later than seven (7) days after the Effective Date, the

Debtors shall cause a notice of Confirmation and occurrence of the Effective Date, to be served to all parties served with the notice of the Hearing by email or first-class mail.

4. <u>Substantial Consummation</u>. Pursuant to 11 U.S.C. §1183(c)(2), not later than 14 days after the Plan of the Debtor is substantially consummated, the Debtors shall file with the Court and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest notice of such substantial consummation.

5. The Plan is fair and equitable to the Debtor's creditors.

6. The provisions contained in the Plan, are hereby approved and found to be fair and reasonable.

7. The Plan, this Order, and their respective provisions, including but not limited to the injunction provisions, shall be binding upon the Debtors and any and all creditors, and any other party in interest in these Chapter 11 cases as set forth in the Plan, whether or not the Claim of such creditor and/or party in interest is impaired under the Plan and whether or not such creditor or other party in interest has filed, or is deemed to have filed, a Proof of Claim or has accepted or is deemed to have accepted, or has rejected or is deemed to have rejected, the Plan.

8. The Debtors are hereby authorized and directed to take any and all actions, and execute and deliver any and all documents that are necessary and/or appropriate to effect and consummate and carry out the Plan and this Order.

9. The rights afforded in the Plan and the treatment of all Claims in the Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims of any nature whatsoever, including any interest accrued on Claims from and after the Petition Date, against the Debtors or any of their assets or properties.

10. <u>Assumption of Amended Lease</u>.  Pursuant to section 365 of the Bankruptcy Code, the Operating Debtor is authorized to assume its lease as amended (the "<u>Lease</u>") with MIP 57th Development Acquisition LLC ("<u>Landlord</u>"), substantially in the form as attached to the Plan as Exhibit C.  In accordance with the Plan, on the Effective Date, all prior defaults of the Operating Debtor under the Lease are hereby waived, including any "cure" claims under section 365(b)(1) and administrative claims under section 503 of the Bankruptcy Code.

11. <u>Approval of Settlement Agreement with Sweet</u>. Pursuant to section 1123 of the Bankruptcy Code, that certain Settlement Agreement filed on July 28, 2022 (the "<u>Settlement Agreement</u>") [ECF Docket No. 229], by and between the Operating Debtor, John Barrett (in his individual capacity), and Sweet Construction Group Ltd. ("<u>Sweet</u>") is hereby approved in all respects.

12. <u>Transfer taxes</u>.  To the maximum extent provided by section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer under the Plan as confirmed by the Court, (including any instrument of transfer executed in furtherance of the sale of the Policy as defined in the Plan and as described in the Plan), shall not be subject to tax under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax or similar tax due on the sale or transfer of the property in connection with or in furtherance of the Plan as confirmed by the Court and the funding requirements contained in the Plan and shall not be subject to any state, local or federal law imposing such tax and the appropriate state or local government officials or agents shall forego collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

4884-6883-9978, v. 3

13. In the event of any inconsistency between the Plan and this Order, the terms and provisions of this Order shall fully govern.

14. From and after the Effective Date, the Debtors may use, acquire and dispose of property, free of any restrictions imposed under the Bankruptcy Code, the Bankruptcy Rules and the Bankruptcy Court, other than those restrictions expressly imposed in the Plan.

15. The Debtors may, prior to the Effective Date, make appropriate technical adjustments and modifications to the Plan without further order or approval of the Bankruptcy Court, provided that such technical adjustments and modifications do not adversely affect in a material way the treatment of holders of Claims and are filed on the Court's docket.

16. The provisions of the Plan and this Confirmation Order are non-severable and mutually dependent. The Plan and all Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

17. The stay set forth in Bankruptcy Rule 3020(e) is hereby waived. This Confirmation Order shall take effect immediately upon its entry. The Debtors are authorized to consummate the Plan immediately after entry of this Confirmation Order in accordance with the terms of the Plan.

18. This Court hereby retains post-confirmation jurisdiction pursuant to and for the purposes of sections 105, 1127 and 1142 of the Bankruptcy Code and for such other purposes as may be necessary and useful to aid in the confirmation, consummation and implementation of the Plan.

4884-6883-9978, v. 3

19. The Debtors are hereby discharged pursuant to 1141(d)(1) of the Code. See 11 U.S.C. §§1181(a), (c).

Dated: New York, New York
      August 9, 2022

                                          ***/s/ Sean H. Lane***
                                          Honorable Sean H. Lane
                                          United States Bankruptcy Judge